# THE

# MISCELLANEOUS REPORTS

OF THE

## STATE OF NEW YORK.

COMMENCING MARCH, 1912.

---

EDWARD R. FEATHERSTONE, Plaintiff, *v.* RILLA S. PRICE,
Defendant.

(County Court, Niagara Special Term, March, 1912.)

Sales — warranties — breach of contract.

> Where, by the terms of a written contract of sale of a gasoline
> engine, representations of the seller as to quality were to be deter-
> mined by an actual test of the machine, the fact that the representa-
> tions were called warranties in the contract does not make them
> such in the sense that the purchaser had to rely upon and believe
> them; and the direction of a verdict in plaintiff's favor, in an action
> to recover the purchase price, because of defendant's failure to
> make proof of her belief in and reliance upon said representations,
> is reversible error.

MOTION for a new trial on the minutes. The opinion
states the case.

W. H. Vicary, for plaintiff.

A. Edmund Lee, for defendant.

HICKEY, J. Plaintiff having recovered a verdict be-
fore a jury against the defendant, the latter moves for a new
trial on the minutes of the court.

On the 22d day of March, 1910, plaintiff and defendant
entered into an agreement, of which the following is a copy:

1

" ORDER FOR GAS AND GASOLINE ENGINE.     No. 135152

" To E. R. Featherstone, Town Somerset, State N Y. The undersigned of Barker Post Office, County of Niagara, State N. Y.     Rural Route No. —— hereby purchases of you, subject to all conditions of agreement and warranty printed on back of this order and made a part hereof, to be shipped to E. R. Featherstone Engine, Tank, Cab, Hose * * * with truck complete, Iron Rds. one 2 A. C. H. P. International gasoline engine (—— size of pulley), complete including necessary fixtures, and to settle for said engine by payment of ($240.00) Two Hundred Forty and no/100 Dollars as follows: Note Due Nov. 1st, 1910 without use.

" It is expressly agreed that this order shall not be countermanded, and that said engine shall remain and be held by the undersigned as your exclusive property until the purchase money shall have been paid in full. It is expressly agreed that the engine shall be and remain personal property in whatsoever manner it may be annexed to realty.

Dated the 22 day of Mar., 1910.     Signed

" Sold by D. E. Connolly.                    RILLA S. PRICE "

On the back of this contract appears the following:

### " WARRANTY

" International Harvester Company of America (Incorporated) warrants the within described engine to do good work, to be well made, of good materials, and durable if used with proper care. If upon one day's trial, with proper care, the engine fails to work well, the purchaser shall immediately give written notice to International Harvester Company of America at No. 7 Monroe Street, Chicago, Illinois, and to the agent from whom it was purchased, stating wherein the engine fails, shall allow a reasonable time for a competent man to be sent to put it in good order, and render necessary and friendly assistance to operate it. If the engine cannot then be made to work well, the purchaser shall immediately return it to said agent, and the price paid shall be refunded which shall constitute a settlement in full of the transaction.

" Use of the engine after three days, or failure to give written notice to said Company and its agent, or failure to return the engine as above specified, shall operate as an acceptance of it and a fulfillment of this warranty. No agent has power to change the contract of warranty in any respect, and the within order can be canceled only in writing from said Company's Chicago office.

" This express warranty excludes all implied warranties, and said Company shall in no event be liable for breach of warranty in an amount exceeding the purchase price of the engine. If within ninety days' time any part proves defective, a new part will be furnished on receipt of part showing defect."

Defendant received the machine under the above contract and so-called warranty and had trouble with the engine the very first day she attempted to use it. She notified plaintiff by telephone instead of by writing as the so-called warranty required. By responding to the telephone call plaintiff waived the requirement of written notice which, therefore, cuts no figure in the case. After plaintiff had made several attempts to make the engine work well without satisfying defendant, the latter returned it to plaintiff. Plaintiff thereupon brought this action to recover the purchase price of the outfit. Defendant's answer was defective in some respects and upon the trial she was allowed to make various amendments. After these amendments were made the answer in its final form contained a general denial and an allegation of warranty and its breach. After much argument and with some misgivings, counsel for defendant finally concluded that his only defense consisted in proving a breach of the warranty. At the close of the evidence, no proof having been offered that defendant relied upon the warranty, the court directed a verdict for the plaintiff.

I have come to the conclusion that the direction of a verdict was error, not because defendant should have been allowed to supply proof that she relied upon the warranty, which she offered to do after the case was closed and the point raised, but because there was no burden or obligation upon her to make such proof.

This was not a sale with warranty in the usual and technical acceptation of the term. It was a sale with representations as to quality, the truth of which defendant was not called upon to believe at the time they were made. She was not called upon to believe or rely upon these representations for the very good reason that their truth or falsity was by the express terms of the contract to be determined by an actual test of the machine. The contract between the parties was in substance this: Plaintiff said to defendant, here is a machine that will do good work. You do not have to take my word for it; take the machine itself and test it. If it does work well, it is your machine; if it does not work well, you return it and that will settle the transaction. Defendant took the machine on those conditions. The very language of the contract taken at length or as summarized above absolutely negatives the idea that defendant relied upon the truth of those representations or that plaintiff expected her to rely upon them. Their truth or falsity, it was well understood by both parties, was to be determined by an actual trial of the machine. The fact that these representations were called warranties in the written contract does not make them such in the sense that defendant had to rely upon and believe them. If so, then the provision in the contract whereby defendant was permitted to determine their truth by an actual test served no useful purpose and might just as well have been omitted entirely. It follows, therefore, that, if defendant was not called upon to believe and rely upon such representations or warranties at the time they were made, she was not called upon at the trial to prove that she did believe and rely upon them. It was error, therefore, on the part of the court to direct a verdict because of defendant's failure to make such proof and a new trial must be granted.

It would hardly seem necessary to have to cite authorities in support of the views above expressed. The case of Van Publishing Company v. Westinghouse, Church, Kerr & Co., 72 App. Div. 121, however, seems to be in point.

The motion for a new trial is, therefore, granted, but without costs.

Motion granted, but without costs.