## Outcault Advertising Co., Appellant, v. Ritchey.

*Contract—Sales—Subject to approval — Oral agreement — Evidence—Principal and agent.*

In an action for goods sold, where it appears that the defendants signed an order for the goods absolute on its face and containing the words "salesmen are not authorized to alter this contract by a verbal agreement" printed vertically on the left hand margin of the

paper in small type, the defendants may show that they were induced to sign the contract by an oral agreement made by the plaintiff's agent that the goods should be subject to approval with the right to return within a reasonable time, that the order was not read by defendants, nor was the marginal note called to their attention, and that the contract was not sent to an absent principal, but was accepted by the agent himself.

Argued April 12, 1916.   Appeal, No. 92, April T., 1916, by plaintiff from judgment of C. P. Venango Co., Aug. T., 1913, No. 19, on verdict for defendant in case of Outcault Advertising Company v. Claude C. Ritchey and Frank H. Bower, doing business in the name of Ritchey & Bowers.   Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Assumpsit for goods sold.   Before CRISWELL, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for defendants.   Plaintiffs appealed.

*Error assigned* was in refusing to give binding instructions for plaintiffs.

*Peter M. Speer,* of *Speer & Weigle,* with him *Robert N. Speer,* for appellant, cited: Scientific American Company Dept. v. Creighton, 32 Pa. Superior Ct. 140; Suffolk Peanut Co. v. Luden, 32 Pa. Superior Ct. 603; Fee v. Adams Express Co., 38 Pa. Superior Ct. 83; T. L. Smith Co. v. Burd P. Evans & Co., Inc., 56 Pa. Superior Ct. 626; Ludwig & Son v. Gorsuch, 154 Pa. 413; C. E. Hallowell & Co. v. Lierz, 171 Pa. 577.

*J. S. Carmichael,* for appellees.

OPINION BY WILLIAMS, J., July 18, 1916:

This was an action of assumpsit to recover for advertising matter furnished to the defendants by the plaintiff

under a written contract dated March 1, 1910. It appears that plaintiff's agent, one Sexton, induced the defendants to sign the contract sued on by offering to ship the advertising matter subject to approval with the right to return within a reasonable time. The defendants were induced to sign an absolute order and it appears that there was printed vertically on the left hand margin of the paper in small type the following: "Salesmen are not authorized to alter this contract by verbal agreement." This order was not read by the defendants, nor was the marginal note called to their attention. The goods were shipped, examined by the defendants, and returned to the plaintiff in strict compliance with the parol agreement, as set up by the defendants.

The only question raised by the assignments of error is as to whether the court erred in permitting the jury to base a finding in favor of the defendants on the evidence of the parol agreement. The court was of opinion that the evidence of this agreement was properly admitted and that it could be considered by the jury even though it altered the effect of the written contract.

The appellant contends that the presence of the stipu- lation on the margin of the order precluded the defend- ants from setting up such parol agreement, and that even if it was permissible, there was not enough evidence to go to the jury that such an agreement had been made.

We are of opinion that the evidence was admissible and sufficient to go to the jury. There is no doubt that parties have the right, if they choose, to stipulate in a written contract that the instrument contains the entire contract, and in such case no alleged parol agreement can be proven to vary the writing: Ridgeway Dynamo, Etc., Co. v. Pa., Etc., Co., 221 Pa. 160; Tranter Mfg. Co. v. Blaney, 61 Pa. Superior Ct. 379. In these cases the stipulation appeared in the body of the writing as a part of it and over the signature of the party, and some of the reported cases were contracts which had to be sent for execution to a principal who had no knowledge of the

preliminary negotiations leading up to the execution of the writing. This case has important distinguishing features. The stipulation is not incorporated in the body of the writing and is printed in small type on the margin. Neither is it over the signature of the defendants. Moreover, the contract was not to be sent to an absent principal, but was accepted by the agent as evidenced by the writing itself. It is averred in plaintiff's statement of claim that Sexton was expressly authorized to accept the contract, and he did so when it was signed by the defendants.

There is authority for the proposition that evidence of a parol inducing contract is admissible even in the absence of an allegation of fraud, accident or mistake: Noel v. Kessler, 252 Pa. 244, 250; Ferguson v. Rafferty, 128 Pa. 337; Croyle v. Cambria, Etc., Co., 233 Pa. 310. The cases containing a stipulation against parol agreements are exceptions to the general rule. We are of the opinion that the stipulation in the present agreement was not such a part of the contract as would bring this case within the rule laid down in Tranter v. Blaney, supra, unless notice thereof is expressly given to the contracting parties.

The various reasons offered in the correspondence by the defendant, when compared with the defense made at the trial, while they do not comport with our idea of good morals, were nevertheless matters for the consideration of the jury and were passed upon adversely to the contention of the plaintiff; on the other hand we do not feel impelled to help the plaintiff by holding that the side line printed matter, not called specifically to the attention of the defendant is a part of the writing as though it were written therein. The situation is aptly described in the language of the trial court as follows: "The right of the agent to take such a conditional order would appear to be as clear as his right to take an unconditional one and if, as the jury apparently found, he did take such conditional order but failed to report to

the plaintiff the fact of such condition, the fault was with the agent rather than the defendants."

The case was well and fairly tried.  The assignments of error are overruled and judgment affirmed.