# Holcomb & Hoke Manufacturing Company *v.* Gamba, Appellant.

*Contracts—Parol inducement—Evidence—Admissibility.*

When a contract contains a stipulation against agreements or representations not contained therein, and especially when it must be sent to an absent principal for approval, evidence of parol promises, made as inducements to sign the contract, are inadmissible.

Argued October 5, 1922.  Appeal, No. 13, Oct. T., 1922, by defendant, from judgment of Municipal Court of Phila. Co., Dec. T., 1920, No. 58, directing a verdict for plaintiff in the case of Holcomb and Hoke Manufacturing Company, a corporation, v. Dominick S. Gamba, doing business as D. Gamba.  Before PORTER, HENDERSON, TREXLER, KELLER and GAWTHROP, JJ.  Affirmed.

Assumpsit to recover rental on a conditional sale of a popcorn machine.  Before MACNEILLE, J.

The facts are stated in the opinion of the Superior Court.

The court directed a verdict for plaintiff in the sum of $495.95 and judgment was entered thereon.  Defendant appealed.

*Errors assigned* were various rulings on evidence and in directing a verdict for the plaintiff.

*David S. Malis,* for appellant.

*Robert A. Beggs, Jr.,* for appellee.

OPINION BY GAWTHROP, J., November 23, 1922:

Plaintiff declared for installments due under a written order, in form a conditional sale contract, for a popcorn machine, the deferred payments being secured by a promissory note.  Both the order and the note were

signed by defendant who made an initial payment of
$200 when the contract was signed and later paid one
of the installments. The contract is subject to the ap-
proval of plaintiff. It contains in plain type in two
places, one being immediately over defendant's signa-
ture, the provision that "no agreement, representation
or claim of any kind shall have any force unless con-
tained in this order." It also contains this provision:
"Shipped to C. Malatesta, No. 3 South Street, Philadel-
phia, Pennsylvania." Delivery to Malatesta is admitted.
The affidavit of defense sets up, first, that the sale was
to Malatesta; that defendant signed the order as her
agent; and that the representative of plaintiff, who
secured the order, was so notified by defendant when
the order was signed; second, that the machine could
only be operated by electric current; that the neigh-
borhood in which Malatesta's store is located is not sup-
plied with electricity and her store is not wired for
electricity; that defendant told plaintiff's agent these
facts and that plaintiff's agent stated to defendant that
his company would arrange with Philadelphia Electric
Company to have current supplied to the premises oc-
cupied by Malatesta, so that she could wire her store and
use the machine; that Philadelphia Electric Company
would not supply current to the neighborhood and as a
consequence the machine was of no use to defendant who
had offered to return the machine to plaintiff. With
the issue thus made up, if issue there was which could
affect plaintiff's case, the parties went to trial. Plain-
tiff proved all the averments of its statement. Defend-
ant offered to prove that he was acting as agent for
Malatesta when he signed the contract and that plain-
tiff's agent knew it. He offered to prove also that plain-
tiff had bound itself to show that current was supplied
to the premises in which the machine was to be used.
Objections to these offers were sustained. The court
directed a verdict for plaintiff. The first five assign-
ments of error are to these rulings; the sixth is to the

order of proof required by the trial judge; the seventh is to the binding instructions for plaintiff.

The objections referred to above were made and sustained by the trial judge on the theory that the contract being in writing spoke for itself. Lowry v. Roy, 238 Pa. 9, justifies the action. The rule applies especially where the contract contains a stipulation against agreements or representations not contained therein, and where the contract must be sent to an absent principal for acceptance. Tranter Mfg. Co. v. Blaney, 61 Pa. Superior Ct. 379, and Philadelphia & Gulf S. S. Co. v. Pechin, 61 Pa. Superior Ct. 401, rule this point. In the latter case, as here, the representations alleged were not of an existing fact, but were merely promissory. Evidence of a parol inducing contract is not admissible in a case where the writing contains a plain stipulation against parol agreements: Outcalt Adv. Co. v. Ritchey, 63 Pa. Superior Ct. 597.

Nor was there anything on the face of the contract indicating that defendant signed as an agent for a disclosed principal, or that he did not sign it on his own account. The mere direction that the machine be shipped to Malatesta is not notice to plaintiff that defendant was not buying the machine on his own account. In Abrams v. Musgrave, 12 Pa. 292, and Hopkins v. Mehaffy, 11 S. & R. 129, the fact of agency, as well as the intention to bind the principal, was apparent on the face of the instrument.

Under this view of the case, the fifth assignment becomes unimportant.

All of the assignments of error are overruled and the judgment is affirmed.