## Peerless Electric Company *v.* Call, Appellant.

*Sales — Personal property — Description — Implied warranty — Sales Act of 1915, section 15—Affidavit of defense—Insufficiency.*

In an action for the purchase price of electric fans, an affidavit of defense is sufficient, which contains an averment that the fans were bought by description from a seller who dealt in such goods, and that they did not function properly. Such a sale is within the provision of paragraph 2, section 15, of the Sales Act of 1915, and there was an implied warranty that the goods were as described and adapted for the purpose for which they were purchased.

Argued December 12, 1923. Appeal, No. 324, Oct. T., 1923, by defendant, from judgment of Municipal Court of Phila. Co., July T., 1923, No. 1062, in favor of plaintiff for want of a sufficient affidavit of defense in the case of The Peerless Electric Company v. John A. Call, trading as John A. Call Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Assumpsit for goods sold and delivered. Before LEWIS, J.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule. Defendant appealed.

*Error assigned* was the decree of the court.

*Francis J. Walsh,* for appellant.—The sale was by description and under the Sales Act there was an implied warranty of merchantable quality: Uniform Sales Act of 1915, Sect. 15, sub-div. 2; Crunden Martin Manufacturing Co. v. Turner, 274 Pa. 425.

550, (1924).]    Arguments—Opinion of the Court.

*Joseph Sternberger,* for appellee, cited: Roberts v. Andrews, 15 Pa. Superior Ct. 305; Bethlehem Steel Co. v. Topliss, 249 Pa. 417; Estes v. Kauffman, 44 Pa. Superior Ct. 114; Gould v. Gage, 118 Pa. 559; Fuhrman v. Stackman, 28 Pa. Superior Ct. 154; Dunn v. Pittsburgh Jewelry Mfg. Co., 43 Pa. Superior Ct. 551.

OPINION BY TREXLER, J., February 29, 1924:

The plaintiff sold to the defendant certain fans. There were three shipments and in each shipment the fans are described as Universal Motor driven fans, 9 for 110 volts and two lots of 9 each for 220 volts. The defendant filed an affidavit which the court below decided was insufficient. While it is open to criticism in many respects, we all are of the opinion that the allegation on the part of the defendant that there were latent defects in the fans which caused a general lack of functioning on the part of the motors so that they did not run at all or with little or no degree of strength, was sufficient to prevent judgment. The fans were "bought by description from a seller who deals in goods of that description" and, we think, fall under the provisions of section 15, paragraph 2 of the Sales Act of May 19, 1915, P. L. 543. Certainly when this defendant bought the fans there was an implied warranty that the goods would raise the wind and were adapted for that purpose and merchantable. If a person buys a certain fan and it does not function, an affidavit which with preciseness raises that question should be sufficient to allow defendant to go to a jury. Therefore, we think the court was wrong in entering judgment for the plaintiff.

The judgment of the lower court is reversed with a procedendo.