# Meyercord Company, Appellant, *v.* Gwilliam Manufacturing Company, (No. 1).

*Vendor—Vendee—Contracts of sale—Agreement in writing—Parol—Contradiction—Affidavit of defense—Insufficiency.*

Where parties have deliberately put their agreement in writing stipulating that all agreements must be in writing and that no verbal arrangements will be recognized, such a stipulation forms a material part of the contract and is enforceable as such.

Parties who have put their agreement in writing may further safeguard their rights by a stipulation that the writing contains the entire contract and that no oral arrangements will be recognized.

An affidavit of defense averring that the goods were misrepresented, but at the same time admitting that they were usable and reasonably fit for the purpose for which they were sold is deficient.

An affidavit of defense is also defective which alleges that notice of the breach of warranty was given upon discovering the defect in the property sold, but avers neither the time of the discovery nor how the communication was made, nor the name of the officer or agent who sent the notice.

These facts are vital elements in the defense and their omission amounts to a fatal defect.

Although on an appeal from an order discharging a rule for judgment for want of a sufficient affidavit of defense it requires a clear right to judgment to secure a reversal, where that right is clear, it is the plain duty of the appellate court to reverse.

Argued November 13, 1924.  Appeal, No. 200, Oct. T., 1924, by plaintiff, from judgment of Municipal Court of Philadelphia, Jan. T., 1924, No. 7, discharging rule for judgment for want of a sufficient affidavit of defense in the case of The Meyercord Company, a corporation, v.

The Gwilliam Manufacturing Company, a corporation. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Assumpsit on book account. Before WALSH, J.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule. Plaintiff appealed.

*Error assigned* was the order of the court.

*James Yearsley,* and with him *Illoway & Felix,* for appellant.—The affidavit of defense was insufficient: Wright v. General Carbonic Co., 271 Pa. 332; Mc-Cracken v. Congregation, 111 Pa. 106; Folsom Real Estate Co. v. Esmark, 38 Pa. Superior Ct. 580; Frederick Piano Co. v. Landau, 67 Pa. Superior Ct. 415; Miner-Hillard Co. v. Rosato, 81 Pa. Superior Ct. 94, 97; Peerless Electric Co. v. Call, 82 Pa. Superior Ct. 550.

*Harry M. Miller,* for appellee, cited: Federal Sales Co. v. Farrell, 264 Pa. 150; Wayne Tank & Pump Co. v. Thomas Petroleum Products Co., 83 Pa. Superior Ct. 158.

OPINION BY GAWTHROP, J., February 27, 1925:

The plaintiff complains of the refusal to enter judgment for want of a sufficient affidavit of defense. The statement of claim alleged that the parties entered into a contract consisting of a written order signed by the president of the defendant company and the acceptance of the same by the plaintiff by a letter written a week later. By the terms of the contract the plaintiff agreed to manufacture, sell and deliver to the defendant 1,000,-000 decalcomania transfers or labels (in two installments of 500,000 each) made according to a sketch to be

submitted by the plaintiff to the defendant for approval as to color and size. The order contained these provisions: "All agreements must be in writing. No verbal arrangements recognized." After receiving the defendant's approval of the sketch, the plaintiff made and delivered the first installment of 500,000 transfers. For the contract price this suit was brought.

The affidavit of defense averred that the contract was entered into as the result of oral representations and warranties by "agents and representatives" of the plaintiff "that the decalcomania transfers manufactured and sold by it (the defendant) were superior to any like product on the market, and that the transfer or removal of the design or label could be accomplished easily and with a great saving of time by the simple process of moistening the surface of the transfer and placing same upon the object to be labeled, and that upon removal of the sheet, or container, the label would be retained on the pressed object; that the said transfer of the label would require no additional effort or assistance to accomplish said purpose, and all of which plaintiff guaranteed." It further asserted that the transfers delivered "utterly failed in the purpose and object for which they were intended and as represented to defendant by plaintiff's agents, in that said labels would not transfer readily after moistening, but that it became necessary to remove same by hand from the sheet upon which it was originally printed and to affix it to" the objects intended to be labeled, "thereby causing much inconvenience and loss of time, and thereby depriving defendant of the advantages which might otherwise accrue to it by the use of a decalcomania transfer which would readily transfer the label in one single process as represented by plaintiff." It is also averred that "immediately upon discovering the defect and failure of said transfers to operate in the usual manner and in accordance with the representations concerning same made by plaintiff," the defendant notified the plaintiff and offered to return the transfers,

but that the plaintiff declined to accept or receive the same, and continued to make shipment of the balance of the contract. The court below discharged plaintiff's rule for judgment for want of a sufficient affidavit of defense.

The affidavit of defense is deficient in a number of respects. The defendant cannot rely upon the oral representations and warranties which are alleged to be the inducing cause of its signing the order. Where parties have deliberately put their agreement in writing stipulating that all agreements must be in writing and that no verbal arrangements will be recognized, such a stipulation forms a material part of the contract and is enforceable as such: Gross v. Exeter Machine Works, Inc., 277 Pa. 363; Ridgeway Dynamo & Engine Co. v. Cement Co., 221 Pa. 160; Tranter Mfg. Co. v. Blaney, 61 Pa. Superior Ct. 379; Phila. & Gulf Steamship Co. v. Pechin, 61 Pa. 401; Outcault A. Co. v. Ritchey, 63 Pa. Superior Ct. 597; W. F. Frederick Piano Co. v. Landau, 67 Pa. Superior Ct. 415; Oxweld Acetylene Co. v. Hastings, 71 Pa. Superior Ct 178; Colt Co. v. Evans, 74 Pa. Superior Ct. 73; Holcomb & Hoke Mfg. Co. v. Gamba, 80 Pa. Superior Ct. 191. Parties who have put their agreement in writing may further safeguard their rights by a stipulation that the writing contained the entire contract and that no oral arrangements will be recognized. If this were not so, a contracting party would be powerless to protect himself against parole modifications of his solemn contract: Gross v. Exeter Machine Works, Inc., cited. To permit the defendant to contradict the terms of the order quoted would enable it to make a fraudulent use of the paper: Colt Co. v. Evans, cited.

But there is another objection to the affidavit of defense which, in our opinion, justifies a summary judgment. While an allegation that the transfers were so defective that they would not function, if properly set forth, would be sufficient to prevent a summary judgment on the ground that there was an implied warranty

that the transfers were usable (Peerless Electric Co. v. Call, 82 Pa. Superior Ct. 550), this affidavit of defense contains no such allegation. The averment that the transfers "utterly failed in the purpose and object for which they were intended......in that said labels would not transfer readily" is followed by an explanation of why they were not so good as represented in the oral inducing warranty. This in effect amounts to an admission that the transfers were at least usable, and reasonably fit for the purpose for which they were sold.

The affidavit of defense is subject to the further objection that, although it alleges that notice of the breach was given immediately upon discovering the defect, neither the time of the discovery, nor how the communication was made, nor the name of the officer or agent who sent the notice is stated. These facts were vital elements in the defense and their omission amounts to a fatal defect: Wayne T. & P. Co. v. Petroleum P. Co., 83 Pa. Superior Ct. 158; Wright v. General Carbonic Co., 271 Pa. 332; Werbitsky v. Fisher, 64 Pa. Superior Ct. 284; W. F. Frederick Piano Co. v. Landau, cited. Although on an appeal from an order discharging a rule for judgment for want of a sufficient affidavit of defense, it requires a clear right to judgment to secure a reversal (Federal Sales Co. v. Farrell, 264 Pa. 149, 153) where that right is clear, it is the plain duty of the appellate court to reverse.

The assignment of error is sustained, the judgment is reversed and the record is remitted to the court below, with direction to enter judgment against the defendant for such sum as right and justice may require, unless other legal or equitable cause be shown to the court below why judgment should not be so entered.