## Metropolitan Trust Co. v. Real Estate-Land Title and Trust Co.

*W. H. Peace* and *R. M. Rosenwey*, for plaintiff.

*Saul, Ewing, Remick & Saul*, for defendant.

TAULANE, J., March 27, 1929.—This is a rule for judgment for want of a sufficient affidavit of defense.

The defendant, by agreement dated June 14, 1924, undertook to finance a building operation for Joseph R. Whelan and Joseph A. Whelan. The agreement provided that the Whelans should deposit from time to time, as requested by the defendant, securities to secure the defendant for any sums due it under the agreement, and it authorized the defendant, in the event of the Whelans' default, to sell, transfer and assign any such securities to reimburse it.

The Whelans caused to be conveyed to the defendant, as security under said agreement, premises No. 1626 Summer Street, subject to a mortgage of

$15,000, held by the plaintiff. The defendant on April 1, 1926, conveyed the Summer Street premises, subject to plaintiff's mortgage, to the Real Estate Finance and Guarantee Company. The plaintiff later foreclosed its mortgage, but the proceeds of the sheriff's sale were insufficient to pay the plaintiff's mortgage in full to the extent of $2964.62, caused by the sheriff's payment out of the proceeds of sale of the taxes for 1925 and 1926, which the defendant neglected to pay while it held title.

The plaintiff sues to recover from the defendant the amount so applied by the sheriff to the payment of the taxes for 1925 and 1926, which would otherwise have been paid on account of plaintiff's mortgage.

The affidavit of defense alleges that the defendant was not the real owner; that it held title as security only under its agreement with the Whelans; that it was never in possession nor exercised any acts of ownership or received any of the rents; and that under a supplementary agreement with the Whelans it was stipulated that the defendant should not be obliged to pay taxes or interest on mortgages.

Ordinarily, the owner of mortgaged premises is liable to the mortgagee for his failure to pay the taxes assessed against the mortgaged premises during his ownership if the mortgagee is obliged to pay such taxes to protect his mortgage or if any part of the proceeds of the foreclosure sale, otherwise applicable to the payment of the mortgage, are applied to pay such taxes (Hogg v. Longstreth, 97 Pa. 255), but a holder of the mere legal title, without any interest in the mortgaged premises, is not liable for taxes, such as one in whom title is placed and who immediately thereafter reconveys or executes a declaration of trust to the real owner who neglects to record the instrument. (Rawle v. Renshaw, 15 Pa. Superior Ct. 488.)

Was the defendant such an owner as made it liable for the taxes? The defendant was more than the mere holder of the legal title. It had a most substantial interest. For all practical purposes, it was the owner. It could enter into possession, lease and collect the rents; and upon Whelans' default it could convey, and it did convey to the Real Estate Finance and Guarantee Company. The defendant was certainly personally liable for the taxes, and it would have had no defense in a suit by the city for the taxes.

The agreement does not prohibit the defendant from collecting the rent, and it is well settled that a pledgee is entitled not only to the possession of pledged property, but he is also entitled to receive rent and income earned by the pledged property. (Colebrooke on Collateral Securities (2nd ed.), 485.)

The defendant's interest in the mortgaged premises was not lessened by its failure to exercise its rights to possession and to the rents; therefore, it is immaterial that the defendant was never in possession or in receipt of rents. These rights the defendant voluntarily neglected to exercise. Without the supplemental agreement, the defendant would have been obliged to apply the rents in discharge of the taxes; the existence of such an agreement, therefore, in no way lessened the defendant's interest in the mortgaged premises. To all intent and purpose, the defendant was the owner; until default by the Whelans, it could exercise every right of an owner except the right to sell, and upon Whelans' default it could exercise that right. And what is more significant, the defendant did exercise its right to convey.

There is no merit in the defendant's contention that it was the mere holder of the legal title without any interest in the mortgaged premises. We think this case is controlled by the case of Commonwealth National Bank v. Shoemaker, 13 W. N. C. 255.

The defendant alleges that the plaintiff had knowledge of the circumstances under which the defendant held title. If this be true, the character of the defendant's interest in the mortgaged premises was in no way affected. We should observe, however, that the averment of notice, if material, is insufficient, for it does not show when the plaintiff acquired such knowledge, whether before or after the defendant's failure to pay the taxes. (Meyercord v. Manufacturing Co., 85 Pa. Superior Ct. 33.)

The defendant knew it had failed to pay the taxes; it was bound to know that it would be liable to the mortgagee if the mortgage was foreclosed and the proceeds of sale were not sufficient to protect the mortgagee against the unpaid taxes.

The plaintiff was under no duty prior to the sheriff's sale to search for taxes and notify the defendant of its default and the date of sale.

And now, to wit, March 27, 1929, the plaintiff's rule for judgment for want of a sufficient affidavit of defense is made absolute.