## AMERICAN MINE EQUIPMENT CO. v. BUTLER CONSOLIDATED COAL CO.

### No. 4336.

Circuit Court of Appeals, Third Circuit.

May 2, 1930.

Dan T. R. Dickson, of Pittsburgh, Pa., for appellant.

Carl E. Glock and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., for appellee.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and SCHOONMAKER, District Judge.

BUFFINGTON, Circuit Judge.

This is an action to recover the purchase price of certain coal mine equipment de-

scribed in the written purchase contract as "thin seam type movor conveyors." The plaintiff agreed to furnish "all material necessary for the assembly of the conveyors ready for operation," except electric wiring, switches, and circuit breakers, and to provide "the services for four days without charge of an experienced conveyor man to superintend the installation and starting into operation of the conveyors." The conveyors were manufactured and delivered. The defense is that they did not operate, the defendant contending: (1) That the machinery in question was bought under a special contract to do a specific work known to the manufacturer and that therefore there was an implied warranty that the conveyors would operate; and (2) that there was a parol modification of the written contract by which there was an express warranty that the conveyors would operate.

The court below declined to construe the contract as covering an implied warranty, and declined to admit parol evidence to establish an express warranty that the conveyors would operate.

The trial resulted in a verdict and judgment for the plaintiff. The defendant then appealed.

▆▆ We agree with the court below that there were no facts proved which would justify in this case the offer of parol testimony to vary a written instrument, but cannot concur in the interpretation of the contract given by the court below. We are of the opinion that there was an implied warranty in this case that the conveyors would operate. We have not here an instance of the sale of an article protected by a patent and well known in the market under a specific trade-name. This "thin seam type movor conveyor" was not on the market under that name, nor was it bought because of that. The name was adopted and used for the first time in the contract in suit. A certain type of conveyor had been used in the ordinary coal seam, but up to the time of the signing of the contract in suit the "thin seam type movor conveyor" had not even been designed, as appears by the testimony of the president of the plaintiff company. The plaintiff knew the uses the defendant was to make of the convey-

ors, and contracted to manufacture and deliver them, well knowing that it had not only to manufacture them but also to design them before it could start manufacture. Surely we have here a special contract to buy a special machine to do a specific work known to the manufacturer.

The court below relied on paragraph 4 of section 15 of the Pennsylvania Sales Act of May 19, 1915, P. L. 543 (Pa. St. 1920, § 19663, par. 4) as covering the contract in the instant case. It reads: "In the case of a contract to sell . * * * a specified article under its patent or other trade name there is no implied warranty as to its fitness for any particular purpose." We are of the opinion that this paragraph only applies to goods known in the market and among those familiar with that kind of trade by that description. So ruled the Circuit Court of Appeals of the First Circuit in Barrett Co. v. Panther Rubber Mfg. Co., 24 F.(2d) 329, 336. In the instant case the trade-name was adopted and used for the first time in the contract in suit to describe a type of machine which the plaintiff yet had to design before it could manufacture it. The machine contracted for was not known to the market at all.

If the Pennsylvania Sales Act is applicable at all to the instant case we think that the case comes under the provisions of paragraph 1 of section 15 of the act providing that there shall be an implied warranty that the goods are reasonably fit for the purposes purchased where the buyer made known to the seller the purpose for which the goods were required and relied on his skill or judgment.

Our conclusion is that there was an implied warranty in the contract sued on in the instant case and we find support in the following authorities: American Piano Co. v. American Pneumatic Action Co., 172 Iowa, 139, 154 N. W. 389; Baldry v. Marshall, 1 K. B. 260; Glover Machine Works v. Cooke-Jellico Coal Co., 173 Ky. 675, 191 S. W. 516; Van Publishing Company v. Westinghouse, 72 App. Div. 121, 76 N. Y. S. 340; Peerless Electric Co. v. Call, 82 Pa. Super. Ct. 550.

Judgment reversed, and new trial awarded.