## Murphy *v.* Pinney et al., Appellants.

*Real Estate—Leases—Execution—Interpretation—Parol—Contemporaneous agreement.*

In an action to recover property levied upon for unpaid rent, evidence of a parol agreement, modifying and altering the terms of a lease is inadmissible in the absence of any proof of fraud or misrepresentation.

A breach of faith or of an agreement regarding the doing or re-

fraining from doing something in the future is not fraud as that word is employed in the phrase "fraud, accident and mistake."

All preliminary negotiations, conversations and verbal agreements are merged in and superseded by the subsequent written contract, and unless fraud, accident or mistake be averred, the writing constitutes the agreement between the parties, and its terms cannot be added to nor subtracted from by parol evidence. If a writing and an alleged oral agreement relate to the same subject matter and are so interrelated that both would be executed at the same time, and in the same contract, the scope of the subsidiary agreement must be taken to be covered by the writing.

Argued April 14, 1925. Appeal No. 166, April T., 1925, by defendants, from judgment of C. P. Erie County, September T., 1922, No. 297, in the case of Kathryn Murphy v. A. M. Pinney, et al. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Replevin to recover possession of certain personal property levied upon for unpaid rent. Before HIRT, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff. Defendants appealed.

*Errors assigned* were various rulings on evidence, the charge of the Court, answers to points, and refusal to grant a new trial.

*C. D. Higby* and with him *C. P. Hewes,* for appellant.

*John B. Brooks,* of *Brooks and English,* and with him *Frank B. Quinn,* for appellee.

OPINION BY TREXLER, J., October 6, 1925:

This is an action of replevin, brought for the recovery of certain personal property levied upon by the defendants for unpaid rent. The defendant, A. M. Pinney, had leased a store room to plaintiff about April 1, 1910, at $25 per month rent. The premises were known as 1514 Peach Street, Erie, Pa. Under the

store room there was a basement which ran the full length of the store and was occupied by the plaintiff under the written lease. There was an adjoining store room and basement which were leased to a Mrs. Snyder. These tenants continued in possession of their respective premises until about the year 1919 when the front of the basement under plaintiff's store was separated from the remainder by a partition and Mrs. Snyder, the next door neighbor, occupied almost the entire basement under plaintiff's store. On April 1st, 1920, the new lease was made to the plaintiff for a term of five years at $25 per month rent, and at that time Mrs. Snyder was still in possession of the adjoining store room and also occupied the larger portion of the basement under the plaintiff's store. From April 1st, 1920, to October 1st, 1921, plaintiff paid the rent, but refused thereafter to pay any, and the reason which appears for her refusal to pay rent and which is the point of dispute in this case, was that at the time the lease in question was made the defendant made a parol contemporaneous promise which induced the plaintiff to sign the agreement, that the partition in the basement would be removed and that the portion of the basement occupied by Mrs. Snyder under the store room of the plaintiff would be restored to her. Under objection, the evidence in regard to this parol agreement was admitted. The case was submitted to the jury and the verdict resulted in favor of the plaintiff.

Had the plaintiff a right to show in this action a parol contemporaneous agreement, made before the execution of the written lease, to the effect that the lessor would remove the partition in the basement of the premises leased? It is to be observed that there was no question as to the extent of the property covered by the lease. The store and a small portion of the basement were in possession of the lessee, the remaining portion of the basement was in possession

of another person; so that the limits of the leased premises were clearly defined. The store, 1514 Peach Street, Erie, Pa., was the identical property then in possession and occupancy of the plaintiff and included only a small portion of the basement. There is no allegation of fraud, accident or mistake and if there were it would not avail. "Despite what was said in early Pennsylvania cases, it has been stated, and we now repeat, that a breach of faith or of an agreement regarding the doing or refraining from doing something in the future is not fraud, as that word is employed in the phrase, 'fraud, accident or mistake' ": First National Bank of Hooversville v. Sagerson, 283 Pa. 406, 411. As stated above the plaintiff alleges that she was induced to sign the lease upon the promise that the partition in the basement would be removed and she would be given the entire basement under her store room.

We must start out with the position that the parties put their engagements in writing, and that the best evidence of what they intended to do is found in the writing. The Supreme Court on several occasions recently has stated that it proposes to stand for the integrity of written contracts: Gianni v. Russell & Co., 281 Pa. 320; Evans v. Edelstein, 276 Pa. 516; Neville v. Kretzschmar, 271 Pa. 222; First National Bank of Hooversville v. Sagerson, supra. That court is disposed to "hold persons to their contracts as they write them": Wolverine Glass Co. v. Miller, 279 Pa. 138, 146. We quote Gianni v. Russell & Co., Inc., supra, "all preliminary negotiations, conversations and verbal agreements are merged in and superseded by the subsequent written contract, and unless fraud, accident or mistake be averred, the writing constitutes the agreement between the parties, and its terms cannot be added to nor subtracted from by parol evidence. If a writing and an alleged oral agreement relate to the same subject-matter and are so interrelated that

both would be executed at the same time, and in the same contract, the scope of the subsidiary agreement must be taken to be covered by the writing. The question must be determined by the Court. In deciding whether a certain subject was intended to be embodied in the writing, the chief and most satisfactory index is found in the circumstances, whether or not the particular element of the alleged extrinsic negotiations is dealt with at all in the writing. If such element is mentioned, covered or dealt with in the writing, then presumably the writing was meant to represent all of the transaction on that element; if it is not, then probably the writing was not intended to embody that element of the negotiation.'' It is not necessary to elaborate on this statement. Plaintiff is seeking here to establish two agreements, one in writing concerning the leased premises, and another in parol concerning an additional space which was to be part of the rented premises and covered by the same rent and the other provisions of the lease, and is within its scope. The parol agreement is not in regard to any subject which is not germane to the contract and would not be embraced in it. Certainly if the additional space were to be included, the place to provide for such inclusion was the written lease.

The judgment is reversed with a new venire.

GAWTHROP, J., dissents.