## Murphy, Appellant, v. Pinney et al.

*Real estate—Leases—Interpretation—Landlord and tenant.*

In an action of replevin to recover possession of personal property levied upon for unpaid rent, it appeared that the plaintiff, a tenant, claimed the property distrained on the ground that under a parol agreement she was entitled to a larger tenement (the entire basement) than that which was actually mentioned in the lease. It was admitted that the area which she occupied was the same as when the lease was made.

*Held:* That if the parties intended to include all of the basement in the lease, they should have so stated in the written instrument. The failure to remove the partition in the cellar was, therefore, no defense to the covenants of the lease, and judgment in favor of the plaintiff will be sustained.

Argued April 13, 1926. Appeal No. 172, April T., 1926, by plaintiff, from judgment of C. P. Erie County, September T., 1922, No. 297, in the case of Kathryn Murphy v. A. M. Pinney. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Replevin to recover possession of property levied upon. Before HIRT, J.

The facts are stated in the opinion of the Superior Court.

The Court directed a verdict in favor of the defendant. Plaintiff appealed.

*Errors assigned* were various rulings on evidence and the charge of the Court.

*John B. Brooks,* of *Brooks & English,* and with him *Frank B. Quinn,* for appellant.

*C. O. Tayntor* and *C. P. Hewes,* and with them *C. D. Higby,* for appellee.

Opinion by Trexler, J., July 8, 1926:

A. M. Pinney owned a building on Peach Street, Erie, Pa., the first floor of which was divided into two large rooms running the length of the building with basement rooms under each.

No. 1516 Peach Street was leased to Ida M. Snyder and No. 1514 to Kathryn Murphy, the appellant in this case. Sometime during the running of a former lease, the landlord constructed a board partition in the basement under the Murphy store, the boards being nailed close together and having merely an opening at the end which was covered with wire netting and thus Miss Murphy had but one-third of the basement and the two-thirds, being the front part, were occupied by Mrs. Snyder. When the present lease was made, Miss Murphy had possession of only her third part of the basement. She paid her rent for a number of months but finally refused to pay because she said, when the lease was, made Pinney agreed to remove the partition in the cellar and give her the entire basement under her store.

She admits that she was at the time the lease was made out of possession of the front part of the basement and that someone else occupied it. The case was here on a former appeal and is reported in 86 Pa. Superior Ct. 458. We there held that if the parties intended to include the entire basement in the lease, they should have so stated in the written instrument. We see no reason for changing our conclusion and it would be useless to repeat here what we have already said there.

The assignments of error are overruled and the judgment is affirmed.