## Ridgeway Dynamo & Engine Company *v.* Pennsylvania Cement Company, Appellant.

*Contract—Sale—Breach of contract—Unmarketable article.*

Where a purchaser refuses to accept an article which was specially manufactured for him, and which has no market in which it can readily be sold, the measure of damages for the breach is the difference between what it would cost to make and deliver the article, and the price which the purchaser agreed to pay for it.

*Contract—Contemporaneous oral agreement—Inconsistent agreement—Evidence.*

A contemporaneous oral agreement alleged to have been made at the time of the execution of the original agreement, cannot be shown, where the oral agreement was inconsistent with the terms of the written agreement, and this is particularly so where the written agreement expressly stipulates that "all previous communications between said parties either verbal or written, contrary to the provisions hereof, are hereby withdrawn and annulled; and no modification of this agreement shall be binding upon the parties hereto, or either of them unless such modification shall be in writing.

Argued March 9, 1908. Appeal, No. 238, Jan. T., 1907, by defendant, from judgment of C. P. Northampton Co., Dec. T., 1905, No. 31, on verdict for plaintiff in case of the Ridgeway Dynamo & Engine Company v. Pennsylvania Cement Company. Before FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Assumpsit for breach of contract.   Before Scott, P. J.

At the trial when Wm. M. Beach, a witness for defendant, was called, the following offer was made :

Mr. Smith : We propose to show by this witness that at the time the contract was executed and simultaneous with the time that the contract was executed, there was an oral understanding between the parties, which oral understanding was the inducement for the making of the written contract, that construction of these engines was not to be started until notice be given by the Pennsylvania Cement Company, and until the Pennsylvania Cement Company had furnished drawings and certain drafts showing the foundation plans and the plans for the templet of these two engines.

Mr. Steele : Objected to for the same reasons and for the further reasons that it is attempted to reform or set aside a written agreement, and no allegation of fraud, accident or mistake is set forth in the answer that is filed.

The Court : Ordinarily, in the case of the execution of written agreements, a parol contemporaneous agreement or verbal understanding, varying the terms of it upon the strength of which the written agreement is actually signed, is admissible if it be the inducement solely upon which the written contract is to be carried into effect.   There is in this agreement, however, the written stipulation referred to in the objection which, by its written terms, excludes the admission of any other terms than those which are herein expressed.   Whether or not that would be sufficient to exclude the present offer of proof, there is nothing in the pleadings that admits such testimony for the alteration, explanation or variation of the written agreement, and it is, therefore, inadmissible : Krueger v. Nicola, 205 Pa. 38.

To which ruling defendant excepts, and bill sealed. [4]

The court charged in part as follows :

[If the plaintiff, then, has failed to satisfy you that these engines didn't have such a market value, then your verdict would be for the plaintiff for nominal damages.   But if he has satisfied you that they had no market value, that there was no particular market value for these engines, they had none fixed in the market, that they were manufactured from spec-

ial designs for a special purpose, then he is entitled to recover substantial damages, and not merely nominal damages, and then it is for you to say, if you pass this point and determine that the plaintiff has suffered a loss for which he ought to recover substantial damages, it is necessary for you to say how much ; and in that event, if he be entitled to recover substantial damages then he would be entitled to recover the difference between the contract price and the actual cost and expenses that would be necessary to be employed by him to manufacture these engines and deliver them at Bath at the time stipulated for in the contract.] [3]

Verdict and judgment for plaintiff for $1,555.22. Defendant appealed.

*Errors assigned* among others were (3) above instruction, quoting it; and (4) rulings on evidence, quoting the bill of exceptions.

*Edward J. Fox*, with him *James W. Fox*, for appellant.— It is necessary, when a plaintiff seeks to recover for a breach of contract, that he should show that he has actually suffered damages, and the burden of showing the damages rests upon the plaintiff: Jones v. Jennings Bros. & Co., 168 Pa. 493 ; Blair v. Ford China Company, 26 Pa. Superior Ct. 374.

In the case of an executory contract of sale of goods not specific the rule undoubtedly is that the measure of damages for refusal to receive is the difference between the price agreed upon and the market value on the day appointed for delivery : Unexcelled Fire Works Co. v. Polites, 130 Pa. 536. Where an agreement is for the sale of goods to be manufactured the same rule applies as in the case of the sale of unspecified chattels. The contract is executory and the title does not pass until the manufacture is completed and made ready for delivery : Keeler Co. v. Schott, 1 Pa. Superior Ct. 458 ; Blair v. Ford China Co., 26 Pa. Superior Ct. 374 ; Adams Express Co. v. Egbert, 36 Pa. 360 ; Tufts v. Bennett, 163 Mass. 398 (40 N. E. Repr. 172).

When a party defends on the ground that he was induced to sign by an oral stipulation, unless he so avers in his affidavit, it is defective ; but when the positive averments, consid-

ered with reference to the written contract, show beyond doubt that the oral agreement induced the signing of the written one, the affidavit is sufficient: Keough v. Leslie, 92 Pa. 424; Clinch Valley Coal & Iron Co. v. Willing, 180 Pa. 165; Fidelity & Casualty Co. v. Harder, 212 Pa. 96.

*H. J. Steele,* with him *Fred H. Ely,* for appellee.—The measure of damage as laid down by the court in its charge to the jury was correct: Puritan Coke Co. v. Clark, 204 Pa. 556; Gallagher v. Whitney, 147 Pa. 184; Muskegon Curtain-Roll Co. v. Keystone Mfg. Co., 135 Pa. 132; Winslow Bros. Co. v. DuPuy, 208 Pa. 98; Hinckley v. Steel Co., 121 U. S. 264 (7 Sup. Ct. Repr. 875); Imperial Coal Co. v. Port Royal Coal Co., 138 Pa. 45; Smith v. Kaufman, 30 Pa. Superior Ct. 265; Collins v. Freas, 77 Pa. 493; Levers v. Van Buskirk, 4 Pa. 309; Central Penna. Telephone, etc., Co. v. Thompson, 112 Pa. 118; Smith v. Myler, 22 Pa. 36; Eisenhart v. Slaymaker, 14 S. & R. 153; Garrigues v. Harris, 17 Pa. 344; Lauchner v. Rex, 20 Pa. 464.

The allegation and offer of proof of an oral contemporaneous contract by the appellant was defective in that there was neither allegation in the affidavit of defense or offer to prove that it was omitted from the written contract through fraud, accident or mistake: Krueger v. Nicola, 205 Pa. 38; Wodock v. Robinson, 148 Pa. 503; Fuller v. Law, 207 Pa. 101; American Home Sav. Bank Co. v. Trust Co., 210 Pa. 320; Hoffman v. R. R. Co., 157 Pa. 174; Fidelity Trust Co. v. Kohn, 27 Pa. Superior Ct. 374; Butler v. Keller, 19 Pa. Superior Ct. 472; Hallowell v. Lierz, 171 Pa. 577; Ogden v. Traction Co., 202 Pa. 480.

OPINION BY MR. JUSTICE POTTER, May 4, 1908:

The Ridgeway Dynamo and Engine Company entered into a written contract to furnish to the Pennsylvania Cement Company, two automatic center crank engines to be delivered for the net sum of $3,000. The contract provided for certain special features as to the main bearings and a particular form of cross head, and for certain other special parts as applied to the type of engine which was ordered; the result of the requirements being apparently the production of an engine not in gen-

eral demand and not readily salable. After the engines had been partly constructed the cement company countermanded the order, whereupon the engine company stopped the construction-work and made use of the material for other purposes. The engine company then brought this suit to recover damages for breach of the contract. The trial resulted in a verdict for the plaintiff, upon which judgment was entered, and defendant has appealed.

The first question raised by the assignments of error is as to the measure of damages. The trial judge charged the jury that if they were satisfied from the evidence that the engines were manufactured from special designs for a special purpose and had no fixed market value, the plaintiff would be entitled to recover the difference between the actual cost of manufacturing and delivering the engines, and the contract price. The learned trial judge correctly stated the rule applicable to such a state of facts as this, where from the nature of the article there is no market in which it can readily be sold. In such case the great weight of authority is to the effect that the measure of damages is the difference between what it would cost to make and deliver the article and the price which the purchaser has agreed to pay for it. The principle is thus stated in 2 Sedgwick on Damages (8th ed.), sec. 618, p. 269 : "Where one engaged in the performance of a contract is wrongfully prevented by the employer from completing it, the measure of damages is the difference between the price agreed to be paid for the work and what it would have cost the plaintiff to complete it. Differently stated, the rule in such case is, recompense to the plaintiff for the part performance and indemnity for his loss in respect to the part unexecuted. The plaintiff is to be placed in the same condition he would have been in if he had been allowed to proceed without interference." This rule gives to the party which has complied with the agreement the value of his bargain. In the present instance, the amount which was lost to the plaintiff by reason of the breach of the contract was capable of being ascertained with reasonable certainty, and was, therefore, properly adopted as the measure of the damages to be recovered by it as the injured party, from the one in default.

The second question raised by this appeal appears in the

fourth assignment of error.   Defendant offered to show that simultaneously with the execution of the contract there was an oral understanding between the parties which was the inducement for the making of the written contract, that the construction of the engines was not to begin until notice was given by the defendant company, and certain drawings furnished showing the foundation plans, etc.   Upon objection by the plaintiff, the offer was excluded, and properly so, we think.   While a contemporaneous oral agreement, entered into as an inducement to the execution of a written agreement, and not inconsistent with it, may be shown in defense to a suit upon a written contract, Keller v. Cohen, 217 Pa. 522 ; yet in the present case the agreement which it was attempted to set up is clearly inconsistent with the written contract. Furthermore, the written agreement contained an express stipulation that "all previous communications between said parties, either verbal or written, contrary to the provisions hereof, are hereby withdrawn and annulled ; and that no modification of this agreement shall be binding upon the parties hereto, or either of them, unless such modification shall be in writing."   Under this stipulation, inserted evidently for the very purpose of preventing the introduction of any such claim as that presented by the defendant, there was no room for the admission of evidence as to any other terms than those expressed in the written contract.   The trial judge was clearly right in refusing to admit proof of the alleged parol contemporaneous agreement.

The judgment is affirmed.