# Tranter Manufacturing Company, Appellant, *v.* Blaney.

*Contract—Sale—Writing—Contemporaneous agreement — Evidence.*

In an action for goods sold and delivered under a written contract, the defendant will not be permitted to prove a contemporaneous parol agreement made with plaintiff's agents and alleged to have been the inducement for signing the contract, where the written agreement provides as follows: "The within proposition, if accepted within......days from the date of its submission and approval and approved by an executive officer of the company is the agreement between the parties hereto, and it is agreed and understood that all previous communications between said parties, either verbal or written, contrary to provisions thereof, are hereby abrogated and withdrawn."

Argued May 11, 1915. Appeal, No. 155, April T., 1915, by plaintiffs, from judgment of C. P. Armstrong Co., June T., 1913, No. 137, on verdict for defendant in case of Tranter Manufacturing Company v. Frank S. Blaney. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Reversed.

Assumpsit for goods sold and delivered. Before KING, P. J.

At the trial defendant made this offer:

"By Mr. Heilman: Counsel for the defendant propose to prove that Mr. Duffy called Mr. Blaney on the telephone and asked him if he wanted to buy a gas engine, and that he, Duffy, would come out, and that Blaney told him no, that he was coming into town, and also told him that he had some advertising from foreign journals but that he preferred to deal with people near home, and that he would be in town and would meet him at the Reynold's House, and following that on the 17th day of September, Mr. Blaney called at the Reynold's House and met Mr. Duffy, and Mr. Duffy explained to him the

various qualities of the gas engine and chopper in question, and stated to Mr. Blaney that it would chop and cut from fifteen to twenty bushels per hour, and that the engine would run six gallons of gasoline, and if, he was not satisfied with the gasoline part of the engine, that he could connect it up with gas, and that he submitted this contract to Mr. Blaney and Mr. Blaney said, 'If you will guarantee that this engine will do as you say it will do, then I will sign the contract,' and Mr. Duffy said, 'I will guarantee it.' This for the purpose of showing that this contract was entered into by Mr. Blaney by reason of representations and inducements made by Mr. Duffy and guaranteed, made and held out to him, for the defendant company to induce him and to secure his signature to the said contract. That in addition thereto, the plaintiff company recognized and ratified the statements and declarations of Mr. Duffy, made to Mr. Blaney, and attempted to make the engine chop, and also to do as Mr. Duffy had agreed that it should do, and that the company failed of accomplishing this object whereupon Mr. Blaney notified the company that the engine and mill were there, subject to their disposal unless they could comply with their arrangements and agreements.

"By Mr. Ralston: Counsel for the plaintiff objects to this offer as being incompetent and irrelevant to determine the issue in this case, for the reason that the contract for the sale of property is in writing, and that in addition to the contract being in writing, it also contains a clause in which it is agreed and understood that all previous negotiations between the said parties, either verbal or written, contrary to the provisions thereof, are abrogated and withdrawn, and also that no modification of this agreement shall be binding upon the parties thereto or either of them, except such modification shall be in writing duly accepted by the purchaser and approved by the executive officer of the company. It is further objected to for the reason that the proposition contains no offer on the part of the defendant, to show that anything

was omitted from the written contract by fraud, accident or mistake.    It is further objected to for the reason that even if the proposition did contain this, that it would be incompetent and irrelevant under the pleadings in this case, said pleadings not disclosing any such defense.

"By the Court: The objection is overruled, the evidence admitted and a bill of exceptions is sealed to the plaintiff."    (1)

Plaintiff presented this point:

"The written proposition made by the plaintiff and accepted by the defendant containing the following clause, 'The within proposition, if accepted within...... days from date of its submission and approved by an executive officer of the company, is the agreement between the parties hereto, and it is agreed and understood that all previous communications between said parties, either verbal or written, contrary to provisions thereof, are hereby abrogated and withdrawn.   No modification of this agreement shall be binding upon the parties hereto or either of them, except such modification shall be in writing, duly accepted by the purchaser and approved by an executive officer of the company,' prevents the jury from considering any other covenants, promises, or representations than those contained in the written agreement."

Answer: "That point we have refused.   If the jury find from the evidence that at the time the written agreement was executed, there was a parol, contemporaneous agreement, promise of verbal stipulation, which induced the defendant to execute the written contract, and without which he would not have executed said written agreement, then the jury may consider such parol contemporaneous agreement in connection with the written agreement."    (3)

Verdict and judgment for defendant.    Plaintiff appealed.

*Errors assigned* were (1) ruling on evidence quoting the bill of exceptions and (3) above instruction quoting it.

*R. L. Ralston,* with him *James Rayburn,* for appellant, cited: Ridgeway Dynamo & Engine Co. v. Penna. Cement Co., 221 Pa. 160; Wodock v. Robinson, 148 Pa. 503; Morgan, Etc., Co. v. Monroe County Water Power & Supply Co., 221 Pa. 165; Kreuger v. Nicola, 205 Pa. 38.

*H. A. Heilman,* for appellee, cited: Phillips v. Meily, 106 Pa. 536; Gandy v. Weckerly, 220 Pa. 285; Ferguson v. Rafferty, 128 Pa. 337; Thomas v. Loose, Etc., Co., 114 Pa. 35; Croyle v. Cambria L. & I. Co., 233 Pa. 310.

OPINION BY TREXLER, J., October 25, 1915:

The plaintiff brought this action against the defendant to recover the price of certain machinery which they sold him under contract dated September 17, 1912. The contract is in the nature of a written proposition signed by the agent of the plaintiff and accepted by the purchaser and contains the following clause, "The within proposition, if accepted within......days from the date of its submission and approval and approved by an executive officer of the company is the agreement between the parties hereto, and it is agreed and understood that all previous communications between said parties, either verbal or written, contrary to provisions thereof, are hereby abrogated and withdrawn. No modification of this agreement shall be binding upon the parties hereto, or either of them, except such modification shall be in writing, duly accepted by the purchaser and approved by an executive officer of the company."

At the trial the defendant offered to prove that the agent of the plaintiff verbally guaranteed that the engine would perform the work which the defendant wanted it to do; that it would chop a certain number of bushels

of feed per hour and run on a certain number of gallons of gasoline and that the defendant was induced and led to execute the written agreement above referred to by the promise and stipulation of the agent as to what the engine was able to perform.  The learned trial judge held that under Gandy v. Weckerly, 220 Pa. 285; Alexander v. Righter, 240 Pa. 22, and Croyle v. Cambria L. & I. Co., 233 Pa. 310, a contemporaneous agreement made at the time the written agreement was executed and which the defendant claims was the inducing cause of his entering into the contract, might be shown in defense.  That the cases above referred to sustain the general proposition cannot be denied.  They do not however in our opinion control this case.  Notwithstanding these cases, parties to a contract can make an agreement which embodies all the details of the subjects of which they treat.  Such parties may still safeguard themselves from any future trouble by providing against the contingency of disputes arising by reason of alleged verbal engagements and by putting the entire contract in writing and by stipulating that the writing shall embrace all the contract.  This is just what was done in this matter.  The defendant, who could read, signed a contract in which as above set forth, there was an express provision that the contract embodied the entire agreement between the parties and that any verbal modifications were abrogated.  The defendant is presumed to have known what he was doing.  No fraud, accident or mistake is alleged in the matter.  In addition to this, the contract was not made directly with the party, plaintiff.  Both participants to the transaction knew that the contract was not to be final until accepted by the company.  After the defendant received his contract from the company he gave no intimation to the company that there had been verbal promises extended to him in procuring the contract and that there was a guarantee superimposed contrary to the clause therein whereby the company had so carefully provided against the existence of any such modification.  As the

company was acting through an agent, the insertion of such a clause in the contract is manifest. It desired to protect both the principals from the unauthorized acts of the plaintiff's agent. To the furtherance of this object, it employed almost the same language as we find in the case of Ridgeway Dynamo, Etc., Co. v. Penna. Cement Co., 221 Pa. 160, in which Justice POTTER remarks, "Under this stipulation, inserted evidently for the very purpose of preventing the introduction of any such claim as that presented by the defendant, there was no room for the admission of evidence as to any other terms than those expressed in the written contract. The trial judge was clearly right in refusing to admit proof of the alleged parol contemporaneous agreement."

We think the court erred in leaving the evidence of a contemporaneous parol agreement, which induced the execution of the contract on the part of the defendant, go to the jury.

The written contract provides that the plaintiff should start the engine. It would seem from reading the testimony that the question of whether the company had actually started the engine was in dispute. Of course, this is a question of fact which the jury must determine on a retrial.

The assignments of error are sustained and the judgment is reversed with a venire facias de novo. Appellee for costs.