there is no sound reason for interfering with the conclusion reached by the learned court below.

The appeal is dismissed at the costs of the appellant.

---

## Auto Transit Co. *v.* Koch (No. 3).

OPINION BY HEAD, J., February 28, 1919:

For the reasons we have expressed in disposing of the appeal between the same parties, to wit, No. 104, October Term, 1918, we dismiss this appeal at the costs of the appellant.

---

## Oxweld Acetylene Co. *v.* Hastings, Appellant.

*Contracts—Sale—Writing—Contemporaneous agreement — Affidavit of defense.*

Where a contract for a gas generator provides that all the terms of the agreement are merged in the written instrument and that no agent or representative of the company has made any statements or agreements, verbal or written, modifying or adding to the terms thereof, the vendee in an action for the purchase price cannot set up a parol contemporaneous agreement varying the terms of the written instrument.

In such a case an affidavit of defense is insufficient which avers matters outside the agreement.

Argued Nov. 11, 1918.   Appeal, No. 41, Oct. T., 1918, by defendant, from order of C. P. Lancaster Co., September Term, 1917, No. 20, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Oxweld Acetylene Co. v. W. S. Hastings, Sr.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

178, (1919).]          Opinion of Court below.

Assumpsit for goods sold and delivered.

Rule for judgment for want of a sufficient affidavit of defense.

HASSLER, J., in making absolute rule for judgment for want of a sufficient affidavit of defense filed the following opinion:

The plaintiff seeks to recover the sum of $219.50, with interest, on a written contract, a copy of which is attached to his statement. This contract provides for the sale and delivery of an acetylene generator, with certain appliances and attachments necessary for its use, all of which are fully set forth in it. The contract contains the following: "This order shall become a contract between the purchaser and the company upon acceptance thereof, at any of its regular offices, in the space below, by a duly authorized manager or officer of said company; it being understood that this instrument, upon such acceptance, covers all of the agreements between the purchaser and the company, and that no agent or representative of the company has made any statements or agreements, verbal or written, modifying or adding to the terms and conditions herein set forth. It is further understood that upon the acceptance of this order the contract so made cannot be cancelled or repudiated by the purchaser, or altered or modified either by any agent or representative of the company or in any manner except in writing between the purchaser and the company acting by a duly authorized manager or officer of said company." It was accepted by the defendant company December 7, 1915, by Henry J. Edwards, Manager.

In his affidavit of defense, the defendant does not deny the execution of the contract by himself or the correctness of the copy attached to the plaintiff's statement, nor does he deny the receipt of all the articles mentioned in it. He attempts to avoid liability under it for two reasons, the first of which is because the parol representation was made by the agent who made the sale which in-

duced him to sign the contract, and that this representation was false.

It is well settled that where parties reduce their contract to writing it shall not be altered by any contemporaneous parol agreement unless such agreement was omitted from it by fraud, accident or mistake, or unless such parol agreement was what induced the complaining party to sign the contract, and it has not been lived up to by the party making it. A contemporaneous parol agreement, however, cannot be admitted to invalidate, vary, or alter a written contract when it is stipulated in the contract that it covers all agreements between the parties, and that no agreement or representation has been made, either verbal or written, modifying or adding to the terms and conditions set forth in it.

In Tranter Mfg. Co. v. Blaney, 61 Pa. Superior Ct. 379, the contract contained a clause, very similar to the one involved here, but at the trial the defendant attempted to prove a contemporaneous parol agreement, made with the plaintiff's agent, which was the inducing cause of his signing the contract. The Superior Court held that this could not be done. In delivering the opinion of the court Judge TREXLER says: "Notwithstanding these cases, parties to a contract can make an agreement which embodies all the details of the subjects of which they treat. Such parties may still safeguard themselves from any future trouble by providing against the contingency of disputes arising by reason of alleged verbal agreements and by putting the entire contract in writing and by stipulating that the writing shall embrace all the contract. This is just what was done in this matter. The defendant, who could read, signed a contract in which as above set forth, there was an express provision that the contract embodied the entire agreement between the parties and that any verbal modifications were abrogated. The defendant is presumed to have known what he was doing." In Philadelphia & Gulf S. S. Co. v. Pechin, 61 Pa. Superior Ct. 401, Judge RICE said:

"Where a written contract provides that 'this agreement cannot be altered, changed or modified in any manner whatsoever by any agent,' a party to the contract cannot defend against his liability under it, upon the ground of a broken oral agreement made with the agent of the other party, at and before the signing of the written contract. The written contract of subscription containing the provision above quoted, constituted the contract between the parties to this suit, and where defendant had notice that his agreement could not be changed in any manner whatsoever by any agent, under the authorities cited, he cannot now defend upon the ground of a broken oral agreement made with such agent at and before the signing of the written contract."

In Ridgway Dynamo, Etc., Co. v. Pennsylvania Cement Co., 221 Pa. 160, the defendant attempted to prove a contemporaneous parol agreement to modify a written contract, which contained a clause similar to the one involved in the case at bar.   Justice POTTER, in delivering the opinion of the court, said : "Furthermore, the written agreement contained an express stipulation that 'all previous communications between said parties, either verbal or written, contrary to the provisions hereof, are hereby withdrawn and annulled; and that no modification of this agreement shall be binding upon the parties hereto, or either of them, unless such modification shall be in writing.'   Under this stipulation, inserted evidently for the very purpose of preventing the introduction of any such claim as that presented by the defendant, there was no room for the admission of evidence as to any other terms than those expressed in the written contract."

From these authorities it is clear that the defendant in this case, having stated in the written contract, over his own signature, that it covered all the agreements between him and the plaintiff company, and that no agent or representative of the plaintiff company had made any statements or agreements modifying or adding to the terms and conditions set forth in it, cannot avoid or

change his liability under it by alleging or proving that any such statements or agreements were made by the agent even though he was thus induced to sign it. This part of the affidavit of defense is therefore not sufficient to prevent judgment.

The second reason given in the affidavit of defense why the plaintiff should not recover is as follows: "The defendant admits that he received all the articles called for in the contract, but alleges that Ross A. Craven, a plumber selected and sent by the plaintiff in January, 1916, for the purpose of installing the plant and who, it is alleged, represented and acted for the plaintiff, took away all the piping and everything that belonged to the erection of the plant so that it cannot now be erected."

In his written contract the defendant agreed that he could not cancel or repudiate the contract, nor could it be altered nor modified, by any agent or representative of the company in any manner, except by agreement in writing with the company, "acting by a duly authorized manager or officer of said company."

The contract sued on did not require the plaintiff company to install the plant, it was simply an agreement to sell and deliver it to the defendant. It was not necessary for it, under the terms of its contract, therefore, to send a plumber to defendant's premises for that purpose. We must, however, accept the allegation of the affidavit of defense as true that the plumber did represent the company. The defendant knew by the terms of his contract that he could not cancel or repudiate it, or even permit the plumber to alter or modify it by taking away any part of the articles sold or delivered to him by the plaintiff, as this would have been contrary to his written agreement. The plumber is not alleged to have been an authorized manager or officer of the company, nor was there anything put in writing between him and the defendant. It is not even alleged that the plumber as agent for the company had any authority to take away any of the articles sold, but only to install the plant. Under the authority of the

cases cited above, the defendant could not thus modify or cancel the contract.

Even though we concede that the plumber was authorized to take away the articles it is alleged he did take away, it is not a cancellation or repudiation of the contract, but would only entitle the defendant to a reduction of the amount claimed by the plaintiff, to the extent of the value of the parts thus taken away. The articles taken, the circumstances under which they were taken and their value, are not set forth with such certainty as is required to enable the defendant to obtain a reduction from the amount claimed. In this respect the affidavit is vague, indefinite, and uncertain: Worth Bros. v. Henry Martin Brick Machine Co., 24 L. L. R. 286.

The defendant alleges that he has no knowledge of what is set forth in the contract. This is not material and not a defense. He does not allege that he cannot read, or that he was imposed upon as to what the contract contained when he signed it. The case of Colt Co. v. Diffenbaugh, 60 Pa. Superior Ct. 192, relied upon by the defendant has no application to the questions involved here for the reason that the defendant does not allege that the statements of the agent were omitted from the written contract through fraud. In that case the agent represented that the promises he made were contained in the written contract, part of which he read, so that the defendant was fraudulently led to believe, as the agent intended he should be, that they were part of it. In the case at bar, no representations were made that the statements made by the agent were contained in the written contract nor is it alleged that the defendant was led to believe that they were there. In fact over his own signature he stated that the written contract contained all the agreements between himself and the company, and that no verbal or written statements or agreements had been made by the company modifying or adding to the conditions contained in it.

184 OXWELD ACETYLENE CO. *v.* HASTINGS, Appel.

Opinion of Court below—Opinion of the Court. [71 Pa. Superior Ct.

The affidavit of defense in our opinion is insufficient to prevent judgment, and we, therefore, make absolute the rule for judgment for want of a sufficient affidavit of defense, and enter judgment for the plaintiff for $233.22.

*Error assigned* was order of the court.

*B. F. Davis,* for appellant.

*William H. Keller* and *John A. Coyle,* for appellee.

PER CURIAM, February 28, 1919:

The judgment in this case is affirmed for the reasons given by the court below in its opinion making absolute the rule for judgment for want of a sufficient affidavit of defense.

---

## Weaver *v.* Welsh, Appellant.

*Deeds—Husband and wife—Deed made before marriage—Eject-ment.*

Where a man at the time he is engaged to be married executes a deed for certain real estate, and subsequently marries, his wife acquires no rights to this property during her husband's lifetime, and the holder of the legal title is entitled to possession of the premises.

Argued Nov. 12, 1918. Appeal, No. 61, Oct. T., 1918, by defendant, from judgment of C. P. Lancaster County, entered on the pleadings in favor of plaintiff in case of Taylor Weaver v. Daisy Welsh. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER and WILLIAMS, JJ. Affirmed.

Ejectment for property on Manor street in the Borough of Columbia, Lancaster County. Before LANDIS, P. J.

Rule to show cause why judgment should not be entered on the pleadings.