# Hauer, Appellant, v. Martin.

*Contract—All stipulations to be embodied in writing—Evidence —Inducement to sign—Fraud, accident or mistake.*

1. Where the parties to a written contract embody in it a clause as follows, "no verbal agreement recognized, all stipulations must be embodied herein," and no fraud, accident or mistake is averred, defendant, in an action on the contract, cannot allege that he was shown a pamphlet by the plaintiff before signing the contract, and that he was induced to sign it, relying on the descriptions and inducements contained in the pamphlet.

Argued October 1, 1925. Appeal, No. 95, March T., 1925, by plaintiff, from judgment of C. P. Allegheny Co., Jan. T., 1921, No. 1365, on verdict for defendant, in case of Kenneth Hauer, trading as the Howard System, v. W. W. Martin, trading as W. W. Martin Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEP-HART, SADLER and SCHAFFER, JJ. Reversed.

Assumpsit on written contract. Before REID, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was, inter alia, admission of pamphlet referred to in opinion of Supreme Court, quoting bill of exception.

*Joseph R. Conrad,* of *Conrad & Fla Havhan,* for appellant, cited: General Motors Truck Co. v. Paving Co., 248 Pa. 499; Colt v. Evans, 74 Pa. Superior Ct. 73; Ridgway D. & E. Co. v. Cement Co., 221 Pa. 160; Oxweld Acetylene Co. v. Hastings, 71 Pa. Superior Ct. 178; Frederick Piano Co. v. Landau, 67 Pa. Superior Ct. 415; Tranter Mfg. Co. v. Blaney, 61 Pa. Superior Ct. 379; Scientific Am. C. Department v. Creighton, 32 Pa. Superior Ct. 140.

*Chas. H. Sachs,* of *Sachs & Caplan,* for appellee, cited: Danish Pride Milk Products Co. v. Marcus, 272 Pa. 340; Gandy v. Weckerly, 220 Pa. 285; Phillips v. Meily, 106 Pa. 536; Excelsior S. Fund, etc., Assn. v. Fox, 253 Pa. 257.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, November 23, 1925:

Plaintiff sued to recover for certain advertising services rendered defendant under a written contract, dated March 27, 1919, wherein the former agreed to erect some fifty signs on certain public roads leading into Pittsburgh; the latter agreed to pay for this service a stipulated sum per month during a period of three years, and, further, that, on default in payment for sixty days, the entire amount named in the contract should become due and payable at once. Plaintiff alleged he had fully complied with his obligations under the contract, but that defendant had defaulted, whereupon the amount claimed in the suit became due and payable.

The written contract contains the following clause: "No verbal agreements recognized, all stipulations must be embodied herein"; but, notwithstanding this stipulation, an affidavit of defense was filed wherein it is averred that plaintiff, before and at the time of the written contract, had exhibited to defendant a certain printed pamphlet, called a "proposition," wherein the former set forth his manner of doing business, the way in which he erected and maintained signs, and other features of his plan of advertising. Defendant avers in his affidavit, and certain supplements thereto, that plaintiff showed him this printed pamphlet in order to induce him to enter into "the contract mentioned in the statement of claim," and that, "relying upon the description and inducements contained in said pamphlet, defendant entered into [such] contract." The court below admitted the pamphlet in evidence as a contemporaneous oral agree-

ment, and subsequently entered judgment on a verdict in favor of defendant. Plaintiff has appealed.

The statement of question involved printed by appellant presents but a single point for our consideration, and that is this: Are the affidavits of defense sufficient to allow proof of the alleged oral agreement exhibited by the printed pamphlet above referred to?

In addition to the defenses already mentioned, the affidavits averred the lack of performance of the contract pleaded by plaintiff, and evidence at the trial tended to prove this averment; the case was, accordingly, for the jury. The only question before us is, On the pleadings, was evidence of the alleged contemporaneous parol agreement admissible?

The affidavits of defense averred no fraud, accident or mistake in omitting from the writing sued on the terms afterwards offered in evidence, nor were any such elements proved. The writing shown in the statement of claim, and not denied by the affidavits of defense, was executed by two business men; it expressly provides that "all stipulations must be embodied" therein, and that no unsigned or verbal agreements will be "recognized." Neither fraud, accident nor mistake on the part of anyone, nor overreaching on the part of the plaintiff, were alleged in relation to the appearance of this clause in the signed agreement; and, in the nature of the case, unless one of these things appears, the contract, as written, should be controlling.

In Gross v. Exeter Machine Works, 277 Pa. 363, 367 (mentioned in Tate-Jones & Co. v. Union Co., 281 Pa. 448, 454), where a clause to the same effect as the one now before us appeared in the contract, we recently said: "Parties having taken the precaution to put their agreement in writing, may further safeguard their rights by ......a stipulation [that the writing contains the agreement in full and that it cannot be added to except by another signed agreement], otherwise a contracting party is powerless to protect himself against parol modi-

fications of his solemn contract......; [this] stipulation forms a, material part of the contract and is enforceable as such," citing other cases.

The principle above set forth controls the present case, and, thereunder, trial error was committed in permitting defendant to introduce a parol modification of the written contract.

The judgment is reversed with a venire facias de novo.