Union Car Advertising Company, Inc. *v.* Young et al., Appellants.

Argued October 16, 1928.

Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Grover C. Ladner*, of *Ladner & Ladner*, for appellant, cited: Garrison, Receiver, v. Salkind, 285 Pa. 265; Atherholt v. Hughes, 209 Pa. 156; Bruce v. Loeb, 78 Pa. Superior Ct. 178.

*Wesley H. Caldwell*, and with him *Roper and Caldwell*, for appellee.

OPINION BY KELLER, J., January 25, 1929:

The action of the learned court below, in entering judgment for want of a sufficient affidavit of defense, was, in our opinion, justified by a long line of decisions both of this court and of the Supreme Court, among which may be mentioned Tranter Mfg. Co. v. Blaney, 61 Pa. Superior Ct. 379; Oxweld Acetylene Co. v. Hastings, 71 Pa. Superior Ct. 178; Meyercord Co. v. Gwilliam Mfg. Co., 85 Pa. Superior Ct. 33; Ridgeway Dynamo & Engine Co. v. Penna. Cement Co., 221 Pa. 160, 165; S. Morgan Smith Co. v. Monroe Co. W. P. & S. Co., 221 Pa. 165, 169; Express Pub. Co. v. Aldine Press, 126 Pa. 347; Hallowell v. Lierz, 171 Pa. 577.

The contract was in the nature of a proposal or offer signed by the defendants, which did not become a binding contract until it was accepted by the plaintiff company. It contained in full sized type on its face the clause: "No verbal conditions made by agents

will be recognized. Every condition must be specified on the face of this contract."

While the affidavit averred that the representative of plaintiff who solicited the contract had made certain false and fraudulent representations which induced the defendants to sign the contract, there is no averment of any facts tending to show that the defendants had been prevented from inserting these matters in the written proposal or offer by fraud, accident or mistake: S. Morgan Smith Co. v. Monroe Co. W. P. & S. Co., supra, p. 169. The proposed contract contained a distinct notice to the effect that every condition must be in writing and expressed on its face. The parties to a written contract can insert such a provision in its terms for the very purpose of preventing disputes of this character, and it has been upheld as effective in preventing the introduction in evidence of alleged conditions not so inserted in the contract: Ridgeway Dynamo & Engine Co. v. Pa. Cement Co., supra, p. 165; Tranter Mfg. Co. v. Blaney, supra, p. 385. Furthermore the alleged representations were so interrelated with the subject matter of the contract as to require their being included in the written contract if relied on: Gianni v. Russell & Co., 281 Pa. 320; Murphy v. Pinney, 86 Pa. Superior Ct. 458, 461.

But in addition to this, we think defendants' long delay barred them from rescinding the contract at this time.

The contract was entered into on or about April 28, 1922. Defendants did not notify plaintiff of any ground for rescission until January, 1924, and even after that continued their monthly payments under the contract until August, 1927. The advertising under the contract did not begin until July 1, 1922, or for over two months after the contract was signed. The alleged representations related to matters that defendants could easily have verified or proved false within that period. In fact, if the matters were important

enough to induce their signature to the contract, they could have discovered in one day's examination that in all the electrically operated cars of the Pennsylvania Railroad the seats run transversely and not lengthwise; and that electric cars leaving Camden Station have baggage racks, while those leaving Broad Street Station do not.

For five years after they had ample time to discover the facts they recognized the contract as in force and made the payments which it required. It was too late thereafter to rescind on the ground of the alleged fraudulent representations.

The judgment is affirmed.