80th Div. Vet. Assn. *v.* Johnson, Appellant.

448

Argued November 14, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Whitmore, JJ.

*Paul W. Knox,* for appellant.

*Cecil P. Harvey,* and with him *Martin Feldman* and *William Horenstein,* for appellee.

Opinion by Gawthrop, J., January 30, 1931:

This is an action in assumpsit for the purchase price of a set of books alleged to have been sold by the 80th Division Veterans Association to defendant pursuant to a written order signed by him. The statement of claim averred that defendant entered into an agreement in writing with said association, whereby he agreed to purchase the books and agreed to pay

therefor the sum of $69.50, and set up a copy of the contract; that the vendor rendered full performance under the contract and sent the books to defendant, but that he failed to pay the purchase price or any part thereof; and that the use plaintiff holds an assignment of the contract from the association. The contract is in the form of a printed order signed by defendant and an agent of the association. It authorizes the association to send the books to the address of the former, recites that it is irrevocable and acknowledges "that the whole of this agreement is herein expressed and that it has not been modified by any verbal representations." It shows that $9.50 was paid on account and that the balance was to be paid "$5 monthly." Defendant admitted in his affidavit of defense that he signed the agreement for the purchase of the books, and that the books were delivered at his address; averred that he examined the books and returned them within one week; and that he signed the agreement "by and through the misrepresentations, fraud and deceit of the agent of the plaintiff who called upon him ...... and solicited him to purchase said books as set forth hereinafter more fully in the defendant's counter-claim." He filed a counter-claim to recover the $9.50 paid by him at the execution of the contract. It contained the averments that at the time the agent solicited him to purchase the books the former offered to have the books sent to him for inspection "upon the express oral representation and inducement that if after the books arrived the defendant did not want to keep them he could return them to the plaintiff;" and that "the said agent wrote the information as furnished by the defendant upon a form and then by fraud and trickery obtained the defendant's signature and address to the said agreement by holding the same with the printed part concealed and requesting the defendant to place his name and address thereon

for the sole purpose of making a record of the place to which the said books were to be shipped by the plaintiff. The said agent not only concealed from the defendant the printed contract contained upon said form and misrepresented to the defendant his purpose in making and asking him to sign it but also fraudulently failed to inform the defendant that he was signing an agreement for the purchase of said books and the defendant did not know that he was signing any agreement for the purchase of same but only knew that they were to be sent to him as the agent orally agreed subject to his inspection and approval.'' The court below entered judgment against defendant for want of a sufficient affidavit of defense and struck off the counter-claim. Defendant brings this appeal.

Where parties have put their agreement in writing stipulating that the whole agreement is expressed therein and that it has not been modified by any verbal representations, such a stipulation forms a material part of the contract and is enforcible as such: Smith v. Holmwood, 87 Pa. Superior Ct. 100. Parties may safeguard their right by such a stipulation. If this were not so a contracting party would be powerless to protect himself from parol modifications of his solemn contract: Gross v. Exeter Machine Works, Inc., 277 Pa. 363. It follows that unless the affidavit of defense contained a sufficient averment that defendant's signature to the order was procured by fraud, it was insufficient to prevent judgment. The affidavit of defense itself avers that there was misrepresentation, fraud and deceit by the agent who solicited the order, ''as set forth hereinafter more fully in the defendant's counter-claim.'' Even if we regard these averments of the counter-claim as part of the affidavit of defense, they do not constitute an averment of facts which, if proved, would be sufficient to avoid the con-

tract on the ground that it was fraudulently procured. They amount to no more than an averment that after the agent filled up the order he concealed the printed part thereof and requested defendant to sign it, and that defendant signed it without reading it and without knowing what it contained. Such an averment, if proved, would establish very clearly defendant's negligence, but would not establish a fraudulent procurement of the contract by the agent. It is not averred that defendant either requested or was refused the right to read the entire contract. "If a party who can read will not read a contract put before him for execution, he is guilty of supine negligence which is not the subject of protection either in equity or at law: Greenfield's Estate, 14 Pa. 489. See also Weller's App., 103 Pa. 594, and Johnson et al. v. Patterson, 114 Pa. 398. Our conclusion is that the affidavit of defense was insufficient to prevent judgment, and that no error was committed in striking off the counterclaim.

We observe, however, that the docket entries show that after the taking of this appeal damages were assessed for the full amount of plaintiff's claim, with interest. As the contract shows that defendant paid $9.50 at the time of its execution, he is entitled to credit for that amount, and plaintiff is entitled to recover only $60.50, with interest.

As so modified, the judgment is affirmed.