Hill & MacMillan, Inc., *v.* Taylor et al., Appellants.

Argued March 17, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SCHAFFER and MAXEY, JJ.

*D. W. McDonald, Jr.,* of *McDonald, Cray & McDonald,* for appellants.—Plaintiff, a manufacturer, having contracted to supply an article of its manufacture to be used for a particular purpose made known to plaintiff, and defendants, the buyers, having relied upon the judgment and skill of the manufacturer, a warranty is implied by law that such article will be reasonably fit and proper for such purpose: Wiles v. Emerson-Brantingham Co., 267 Pa. 47; Keck v. Ry., 271 Pa. 479; Clark v. Phila., 46 Pa. Superior Ct. 253; Wright v. Carbonic Co., 271 Pa. 332; Bird & Son v. Construction Co., 295 Fed. 451; Jones & Laughlin Steel Co. v. Wood & Co., 249 Pa. 423; American Home Savings Bank Co. v. Trust Co., 210 Pa. 320; Port Carbon Iron Co. v. Groves, 68 Pa. 149; Maine Electric Co. v. Engineering Works, 95 Pa. Superior Ct. 397; Farr v. Zeno, 81 Pa. Superior Ct. 509; McCormick Harvesting Machine Co. v. Nicholson, 17 Pa. Superior Ct. 188.

The braking and sanding devices with which the locomotive was equipped did not conform to the specifications contained in the written contract.

Parol evidence is admissible to establish an oral agreement contemporaneous with the execution of the written instrument, on the faith of which said instrument was

executed. Such inducing representations constitute express warranties and may be proved by parol testimony: Chicago Cottage Organ Co. v. McManigal, 8 Pa. Superior Ct. 632; Fidelity & Casualty Co. v. Harder, 212 Pa. 96; Noel v. Kessler, 252 Pa. 244; Potter v. Grim, 248 Pa. 440; Croyle v. Land & Imp. Co., 233 Pa. 310; Keller v. Cohen, 217 Pa. 522; Land-Wharton Co. v. Hughes, 37 Pa. Superior Ct. 602; Perkiomen Ry. v. Bromer, 217 Pa. 263; Montgomery F. & F. Co. v. Hall Co., 282 Pa. 212; Wolvering Glass Co. v. Miller, 279 Pa. 138; Yonker v. Vaneer, 91 Pa. Superior Ct. 157.

*Donald M. Higbee,* with him *E. C. Higbee,* of *Higbee, Matthews & Llewellyn,* for appellee.—Parol evidence was inadmissible: Gross v. Machine Works, 277 Pa. 363; Houer v. Martin, 284 Pa. 407; Meyer-Cord Co. v. Mfg. Co., 85 Pa. Superior Ct. 33; Dynamo & Eng. Co. v. Cement Co., 221 Pa. 160.

There was no breach of implied warranty: Griffin v. Product Co., 264 Pa. 254; Savings Bank Co. v. Trust Co., 210 Pa. 321; Seitz v. Machine Co., 141 U. S. 510; Port Carbon Iron Co. v. Groves, 68 Pa. 149.

OPINION BY MR. JUSTICE MAXEY, May 11, 1931:

The plaintiff, a corporation, brought suit against the defendants, a copartnership, for failure to pay the plaintiff the sum, $2,190, stipulated in a written contract to be paid upon the delivery by plaintiff to the defendants of one six-ton H. M. gasoline locomotive of the size, character and specifications set forth in the contract. The jury found for the defendant, but the court entered judgment n. o. v. for the plaintiff in the sum of $2,620.33, with interest from the date of the verdict.

The defendants admit that, pursuant to the contract in suit, plaintiff delivered to them one six-ton H. M. gasoline locomotive, but they defend on three grounds: first, that there was a breach of implied warranty that the locomotive was reasonably fit for the purpose for

which the defendant buyer made known to the plaintiff seller it was required; second, that there were oral representations by plaintiff's president that the locomotive would do the work defendants purchased it to do; and, third, that the locomotive did not comply with the specifications in the following respects: (a) the brake at no time had sufficient braking effect to lock the wheels or to control the movement and operation of the locomotive, as claimed and set forth in the specifications; (b) the sanding devices were not so constructed as to be positive in their action, or to so operate as to have any effect in controlling the movement of the locomotive and its operation, as claimed in the specifications.

As to the first defense: It is well settled law that if a thing be ordered of the manufacturer for a special purpose, and if it be supplied and sold for that purpose, there is an implied warranty that it is fit for that purpose. But this principle is limited to cases where a thing is ordered for a special purpose, and must not be applied to those where a special thing is ordered, although this be intended for a special purpose: Savings Bank v. Trust Co., 210 Pa. 320; Port Carbon Iron Co. v. Groves, 68 Pa. 149; Seitz v. Brewers Refrigerating Machine Co., 141 U. S. 510. Inasmuch as in this case a special, definitely described thing was ordered, although intended for a special purpose, and the plaintiff delivered to the defendant the special thing ordered, the doctrine of implied warranty does not apply to it.

In discussing the second defense, the next to the last paragraph of the written contract between the parties must be noted. It reads as follows: "The foregoing is the agreement between said parties as it exists at this date, and it is agreed and distinctly understood that all previous communications between said parties, either verbal or written, not herein contained are hereby withdrawn and annulled; and that no modification of this agreement shall be binding upon the parties hereto, or either of them, unless such modification shall be in writ-

ing duly accepted by Gilleland Coal & Coke Company, and approved by an executive officer of Hill & MacMillan, Inc., at Scottdale, Pa."

In view of the foregoing provision, defendants' attempt to make the alleged oral representation of the plaintiff's president a part of the contract between plaintiff and defendants brings the latter face to face with the parol evidence rule so frequently stated by this court: Messmore's Est., 290 Pa. 107; Ridgeway Dynamo & Eng. Co. v. Penna. Cement Co., 221 Pa. 160. The defendants rely on the case of Wright v. General Carbonic Co., 271 Pa. 332. Cases are authority only on the questions they decide. The decision in that case was based on matters not before us in this case. There is a statement in that case, not necessary however to its decision, that if an oral warranty is expressly pleaded and clearly proved as the inducing cause of the execution of the contract by the person setting up the warranty, it must be considered, and Federal Sales Co. v. Farrell, 264 Pa. 149, is cited. The facts in the case before us do not quite fit the principle above stated, for here the fact that the oral agreement induced the signing of the contract by the purchaser is not explicitly pleaded, but is left to inference.

The courts have during recent years insisted upon rigid adherence to the rule that when parties commit their engagements to writing, i. e., integrate their understandings and agreements into a formal, explicit contract and when they exclude from the contract, as they did here, all previous communications not contained in the contract and provide that no modification shall be binding unless in writing, they cannot be permitted, in a suit brought on the written contract, to prove parol modifications of that contract unless they aver fraud, accident or mistake in omitting from the writing sued on the terms afterwards offered in evidence: Hauer v. Martin, 284 Pa. 407, 409. There is no such averment in the case now before us.

The third defense is based on a breach of the written contract in respect to the brakes and sanding devices. The specifications call for a brake as follows: "The brake shall be a Wehr Band Brake operating on the Worm Shaft and shall have sufficient braking effect to lock the wheels." The specifications call for sanding devices as follows: "Four sand boxes fitted with positive acting valves arranged to be operated in pairs by lever." The amended affidavit of defense avers as follows: "(a) The brake at no time had sufficient braking effect to lock the wheels or to control the movement and operation of the locomotive, as claimed and set forth in the specifications. (b) The sanding devices were not so constructed as to be positive and sufficient in their action, or to so operate as to have any effect in controlling the movement of the locomotive and its operation, as claimed in the specifications." The testimony in support of these averments in the affidavit is in substance as follows: The brakes would not hold the locomotive; "the brakes would not work at all; you couldn't hold it." As to the sanding devices, the evidence is that the sander would not work, that it never worked, and that someone had to sit out on the front end of the locomotive and put sand on the track. There would be much merit in the third defense were it not for the fact that the written contract between the parties provides a procedure that must be followed when there is a defective part. The plaintiff agreed to "replace, on order without charge, any defective part within three months from date of shipment, provided examination proves the claim, and the purchaser agrees that no other claim for loss or damage of any description will be made against Hill & MacMillan, Inc." As the court below said: "There is no testimony that the defendants ordered new parts and that replacement was refused. They have pleaded one portion of the written contract. The recited provision in the same contract limiting claim for alleged loss or damage must be given effect.

...... The plaintiff delivered to the defendants the gasoline locomotive in accordance with its written contract. No breach of that contract on its part appears. We think it is entitled under the law to have from the defendants the purchase price stated in the contract."

The judgment is affirmed.