## East Coast Fi. Corp., Appellant, v. Linck.

Argued October 15, 1931.

Before TREXLER, P. J., KELLER, LINN, GAW-
THROP, CUNNINGHAM and BALDRIGE, JJ.

*J. Morris Yeakle,* for appellant.

*Cecil P. Harvey,* of *Horenstein, Feldman and Harvey,* for appellee.

OPINION BY TREXLER, P. J., March 5, 1932:

This suit was brought by the endorsee upon a trade acceptance given in payment of goods sold and delivered by a New York house to the defendant, through a salesman. There is no dispute as to the giving of the order, the acceptance thereof, the delivery and receipt of the merchandise and the giving of the trade acceptance.

The defense contained in the affidavit which defendent filed is that the consideration for the giving of the acceptance had failed and that the plaintiff, the endorsee, did not acquire the trade acceptance for a good and valuable consideration before maturity and is not a bona fide holder and that the real plaintiff in the case is the Delta Asbestos Company to whom the trade acceptance was originally given; that the salesman who obtained the contract made certain false

and fraudulent representations and warranties which were contained in a catalogue or pamphlet prepared by the Delta Asbestos Company and induced him to make the purchase upon the assumption that the statements in said catalogue were true and relying upon such statements, he signed the contract although the statements were false and fraudulent; that the article in question was purchased before an opportunity for inspection was afforded with an express warranty as to the efficiency of the preparation when applied for its particular uses. The defendant claims damages ensuing for breach of warranty far in excess of the claim of the plaintiff and asserts that he owes the plaintiff nothing.

The plaintiff entered a rule for judgment for want of a sufficient affidavit of defense. The court in its opinion refers to the fact that the defendant denies that the plaintiff was a holder of the acceptance in due course and that the affidavit alleges that the goods were not as represented and did not come up to the warranties contained in plaintiff's catalogue, but bases his refusal to enter judgment on the specific reason that the order had not been accepted by the plaintiff and therefore the defendant was not bound by any clause contained in the contract and can raise the question of the quality of the goods and the consideration for the transfer of the acceptance. The court was mistaken in the assumption that the order of acceptance had not been accepted by the plaintiff company and its attention being called to an admission of that fact in the pleadings, justified its continued refusal to enter judgment because the terms of purchase specifically provides, "This order is subject to acceptance at the company's office at New York, N. Y.," and that there is nothing in the statement of claim showing that this had been done. This point was not raised in the affidavit of defense and was not material

to the issue, for if the trade acceptance was given and the order accepted, it did not matter in what particular place the order was accepted and if it did, the fact remains that the acceptance of the order shown as an exhibit attached to plaintiff's statement bears the address of the vendor in New York City.

The real question in the case is whether under the terms of the order, the defendant can interject the collateral agreement and warranties alleged to have been agreed to by the agent when the order was given. The contract provides, "No representation, warranty, condition or agreement of any kind or nature whatsoever shall be binding upon the company unless incorporated in this agreement. It is understood that this agreement covers and includes the entire agreement between the parties. The dealer states that no representations not set forth herein have induced this purchase." There is no allegation that the warranties were omitted from the contract by fraud, accident or mistake. If there were representations as to quality of goods, the principle for whom the agent was acting in view of the fact that such a defense might arise, had placed this warning to all purchasers that when they made the agreement, they should put in everything so that there would be no cause of disagreement thereafter.

In Hauer v. Martin, 284 Pa. 407, the Supreme Court construed a clause very much like the one we are considering in which it was claimed there were verbal conditions made by agents, and quoting from Gross v. Exeter Machine Works, 277 Pa. 363, as follows: "Parties having taken the precaution to put their agreement in writing, may further safeguard their rights by......a stipulation [that the writing contains the agreement in full and that it cannot be added to except by another signed agreement] otherwise a contracting party is powerless to protect himself against

parol modifications of his solemn contract ......; [this] stipulation forms a material part of the contract and is enforceable as such," citing other cases.

In Union Car Adv. Co. v. Young, 95 Pa. Superior Ct. 223, the language employed by our Brother KELLER is appropos to the present case. "While the affidavit averred that the representative of plaintiff who solicited the contract had made certain false and fraudulent representations which induced the defendants to sign the contract, there is no averment of any facts tending to show that the defendants had been prevented from inserting these matters in the written proposal or offer by fraud, accident or mistake: S. Morgan Smith Co. v. Monroe Co. W. P. & S. Co., 221 Pa. 165. The proposed contract contained a distinct notice to the effect that every condition must be in writing and expressed on its face. The parties to a written contract can insert such a provision in its terms for the very purpose of preventing disputes of this character, and it has been upheld as effective in preventing the introduction in evidence of alleged conditions not so inserted in the contract: Ridgeway Dynamo & Engine Co. v. Penna. Cement Co., 221 Pa. 160; Tranter Mfg. Co. v. Blaney, 61 Pa. Superior Ct. 379. Furthermore the alleged representations were so interrelated with the subject matter of the contract as to require their being included in the written contract if relied on: Gianni v. Russel & Co., 281 Pa. 320; Murphy v. Pinney, 86 Pa. Superior Ct. 458, 461."

See also our cases of Lake Erie Nursery & Seed Co. v. Edwards, 86 Pa. Superior Ct. 103; Holcomb & Hoke Mfg. Co. v. Gamba, 80 Pa. Superior Ct. 191; Oxweld Acetylene Co. v. Hastings, 71 Pa. Superior Ct. 178; Colt Co. v. Evans, 74 Pa. Superior Ct. 73; Sterling Eng. Co. v. Jennings, 101 Pa. Superior Ct. 291; Levitt v. Johnstown Office Supply Co., 103 Pa.

Superior Ct. 76; Eightieth Div. Veterans Assn. v. Johnson, 100 Pa. Superior Ct. 447.

The allegation that the plaintiff was not a bona fide holder, but merely acting as a collecting agent is not a good defense unless the nature of the defense is disclosed. A trade acceptance is a negotiable instrument and the holder is deemed a prima facie holder in due course. Sec. 59 of the Negotiable Instruments Act of May 16, 1901, P. L. 201. Even if we accept the averment that the plaintiff was not a bona fide holder, the effect of it would not render defendant's defense to the validity of the note any more tenable. It matters not therefore whether the contest be between the original payee or an endorsee, the defense submitted cannot prevail against either.

The court was therefore in error in declining judgment and the judgment is reversed and is now entered for the plaintiff for $1,380 with interest from December 1, 1929.