Lloyd & Elliott, Inc., Appellant, v. Lang et al.

Argued April 24, 1935.

Before KELLER, P. J., CUN-
NINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and
RHODES, JJ.

*Sylvia Schlesinger,* of *Schlesinger & Schlesinger,* for
appellant.

*Wells Fay,* for appellee.

OPINION BY KELLER, P. J., July 18, 1935:

This case is governed by the principles laid down in
Ridgeway Dynamo etc. Co. v. Penna. Cement Co., 221
Pa. 160, 165, 70 A. 557; Tranter Mfg. Co. v. Blaney, 61
Pa. Superior Ct. 379, 383, and similar cases,[1] rather
than the case of Feuerstein v. New Century Realty Co.,
304 Pa. 271, 156 A. 110, relied on by the appellee and the
court below.

The plaintiff is in the business of preparing and fur-

---

[1] Hauer v. Martin, 284 Pa. 407, 409, 131 A. 187; Hill & Mac-
Millan v. Taylor, 304 Pa. 18, 22, 155 A. 103; Kull v. General
Motors Truck Co., 311 Pa. 580, 166 A. 562; Gross v. Exeter
Machine Works, 277 Pa. 363, 367, 121 A. 195; Oxweld Acetylene
Co. v. Hastings, 71 Pa. Superior Ct. 178, 180, 181; Union Car
Adv. Co. v. Young, 95 Pa. Superior Ct. 223, 225; East Coast
Finance Corp. v. Linck, 104 Pa. Superior Ct. 518, 522, 159 A. 468.

nishing advertising service, including cuts or illustrations, to manufacturers and dealers in various lines of trade. It prepared a form of order to be signed by prospective customers which when accepted by it at New York became a binding contract. This paper contained in clear bold type, above the line for the customer's signature, the following clause: "Neither party will be held responsible for any provisions or representations not embodied in writing herein, and this contract is not subject to cancellation." Such a provision may be inserted in a written contract and will protect the principal from the unauthorized and even fraudulent representations of his agent, inconsistent therewith, unless the omission of said representations from the written contract was procured by fraud, accident or mistake. See Union Car Adv. Co. v. Young, 95 Pa. Superior Ct. 223, 225, and other cases cited above and in Note 1.

The defendants are engaged in the plumbing business and on December 29, 1932 were solicited by one Zukerman, agent for the plaintiff, to sign a written order for advertising service which called for the furnishing by the plaintiff to the defendant—with the right in the latter to use the same for advertising purposes—of certain mats, both cuts and reading matter, 52 @ $5 each, for which the defendants were to pay $260 and 75 cents express charges. The order blank containing the clause above quoted was signed by the defendants on December 29, 1932 and accepted by the plaintiff at New York on December 31, 1932.

Subsequently the defendants refused to accept the advertising matter sent by plaintiff pursuant to the contract or to pay the bill, and this action followed. It was tried before a judge without a jury.

The defense relied upon by the defendants, as presented in their affidavit of defense, was that they had been induced to sign the order by the false and fraudulent representations of Zukerman that the plaintiff had

a business connection with a certain cooperative buying association known as the "Fixzit System," a forty million dollar concern, and that defendants upon obtaining an exclusive membership in said association, would be able to buy plumbing and heating fixtures at a price 12½% cheaper than jobber's prices; and that such exclusive membership in said association could only be had by defendants in conjunction with plaintiff's advertising campaign. The affidavit of defense also averred a representation by Zukerman, "That on the signing by defendants of the said instrument marked Exhibit 'A' [the order] the plaintiff would obtain for defendants the said exclusive membership; that for reasons inherent in the exclusive nature of the membership in the said association, the plaintiff could not furnish to defendants complete details surrounding said membership and could not incorporate said promise to obtain membership in the contract for advertising, the subject of the instrument marked Exhibit 'A.'" It also averred that the plaintiff failed to obtain for the defendants an exclusive membership or any membership in the Fixzit System or any other cooperative buying association; and on the trial it was proved that plaintiff denied any connection with said Fixzit System or any authority in his agent to make said representation.

At the trial there was no evidence given, on behalf of the defendants, of any acts or representations of the agent which prevented the insertion in the contract of a provision that the order was conditional on the defendants obtaining membership in the Fixzit System association, or that such provision was omitted from the contract by fraud, accident or mistake. Hints, suggestions, and even leading questions failed to elicit testimony of any representation, act or statement of the agent which fraudulently prevented the defendants from inserting this alleged important part of the agreement in the written contract. The partner who signed

the order admitted that he read the whole order; saw and understood the clause that plaintiff would not be responsible for any provisions or representations not embodied in the written order. The purpose of this clause in the printed order was to provide that the plaintiff would not be responsible for any representations of the agent not inserted in the order before it was signed. To escape its effect it was incumbent on the defendants, not only to aver in the affidavit, but also to prove on the trial, (Hauer v. Martin, 284 Pa. 407, 409, 131 A. 187) that the provision, that approval of plaintiff's contract with defendant was to carry with it membership in the Fixzit System, was omitted from the written contract by fraud, accident or mistake. Such an averment in the affidavit of defense would prevent the entry of a summary judgment for want of a sufficient affidavit of defense, but would have no probative effect on the trial. There, proof was necessary of facts tending to show that the defendants had been prevented by fraud, accident or mistake from inserting the representation said to have been relied on by them, in the written offer or proposed contract, in order to escape liability under the contract: Hauer v. Martin, supra, p. 409; Union Car Advg. Co. v. Young, supra, p. 225.

Such proof was wholly wanting on the trial; and in default of it the plaintiff was entitled to judgment.

As was said in Tranter Mfg. Co. v. Blaney, supra: "Parties to a contract can make an agreement which embodies all the details of the subject of which they treat. Such parties may still safeguard themselves from any future trouble by providing against the contingency of disputes arising by reason of alleged verbal engagements and by putting the entire contract in writing and by stipulating that the writing shall embrace all the contract. This is just what was done in this matter. The defendant, who could read, signed a contract in

which, as above set forth, there was an express provision that the contract embodied the entire agreement between the parties and that any verbal modifications were abrogated. The defendant is presumed to have known what he was doing." And in Hill & MacMillan v. Taylor, 304 Pa. 18, 22, 155 A. 103: "The courts have during recent years insisted upon rigid adherence to the rule that when parties commit their engagements to writing, i. e., integrate their understandings and agreements into a formal, explicit contract and when they exclude from the contract, as they did here, all previous communications not contained in the contract and provide that no modifications shall be binding unless in writing, they cannot be permitted, in a suit brought on the written contract, to prove parol modifications of that contract unless they aver [and prove] fraud, accident or mistake in omitting from the writing sued on the terms afterwards offered in evidence." And in Gross v. Exeter Machine Works, 277 Pa. 363, 366, 367, 121 A. 195: "Where the parties, as here, have deliberately put their agreement in writing stipulating therein that it contains the entire contract and shall be modified only by the parties' written agreement, such stipulation forms a material part of the contract and is enforceable as such ...... Parties having taken the precaution to put their agreement in writing may further safeguard their rights by such a stipulation as above quoted, otherwise a contracting party is powerless to protect himself against parol modifications of his solemn contract."

A judge, trying a case without a jury, cannot make a finding of fact, which a jury, if it were hearing the case, would not be permitted to make.

Under the special practice in force in the county court—it is not subject to the Practice Act of 1915, P. L. 483—judgment should have been entered for the plaintiff on the whole record.

The assignment of error is sustained. The judgment is reversed and is now directed to be entered for the plaintiff on the whole record in the sum of $260.75, with interest from the date of bringing suit.