Soss Manufacturing Co., Inc., Plaintiff, *v.* Mitchell Motors Co., Inc., Defendant.

Supreme Court, Kings County, September, 1922.

**Sales — contract for manufacture of hinges — request by purchaser to manufacturer to hold shipments — waiver of time of performance and setting of new date — right of plaintiff to complete contract and sue for purchase price — when title passes.**

Upon the trial of an action to recover the purchase price of automobile door hinges manufactured by plaintiff upon the written order of defendant, it was in proof that due to conditions created by railway traffic congestion defendant by wire requested plaintiff to hold shipments and production pending receipt of revised schedule. At about the time of the receipt of the telegram the hinges were completed, except for inspection and packing. It also appeared that though the original time of performance had been waived by the parties the plaintiff gave due notice to defendant setting another date for performance. Upon awarding judgment to plaintiff, *held*, that if the telegram could be construed either as a repudiation of the contract or a notice to proceed no further, plaintiff was not bound by section 145(4) of the Personal Property Law. So held as against the contention of defendant, who had never definitely rejected the material, that after the telegram plaintiff was not justified in completing the contract and was confined to an action for damages as of that date.

Defendant's further contention that under section 144(3) of the Personal Property Law plaintiff could not maintain the present action, because property in the goods had not passed and it was not shown that they could readily be resold for a reasonable price, was untenable, but even if this was so the property in the goods passed to the defendant at the time of a visit of his agent to plaintiff's plant because goods of the description contracted for in a deliverable state and shown to said agent were unconditionally appropriated to the contract by the plaintiff with the assent of defendant. Pers. Prop. Law, § 100.

ACTION to recover purchase price of automobile door hinges.

*Abraham L. Doris,* for plaintiff.

*Henry Bennett Leary (Arthur K. Wing,* of counsel), for defendant.

GANNON, J. Plaintiff sues under the Personal Property Law to recover the purchase price of certain automobile door hinges manufactured by it upon the written order of the defendant. On May twenty-fifth defendant telegraphed: " Due to conditions created by railway traffic congestion we find it necessary to ask you to hold shipments and production pending receipt of revised schedule we are mailing on following orders [indicating orders by numerals]." The telegram was repeated next day in a letter which contained the following addition: " Revised shipping schedule will follow promptly." Plaintiff acknowledged these requests and promised to comply in so far as material in process was concerned, but stating

that it would ship five or six cases which were on hand. The revised shipping instructions have never been forwarded, and in subsequent correspondence defendant continued to request a delay of shipment on the ground of general depression in the automobile market. Finally on December 2, 1920, defendant, in writing, requested a plain cancellation of the orders. At about the time of the receipt of the telegram of May twenty-fifth, the testimony is that all the hinges were completed, except for inspection and packing, which were minor or inexpensive operations, the entire cost of which was not more than $50. Plaintiff refused to accept the cancellation and notified defendant that the goods were being held by it for the defendant. Defendant continued to request delay. In February, 1921, Mr. Pitner, the agent of the defendant, visited plaintiff's plant, where he was shown the particular goods that had been packed for the defendant, and there was no intimation that ultimately defendant would not accept the goods. Finally toward the end of December, 1921, defendant in the meantime never having definitely rejected the material, it was notified by the attorney for the plaintiff that a settlement was expected on or before December ninth. The serious contention of the defendant is that plaintiff was not justified after the telegram of May twenty-fifth in completing the contract, and that it is confined to an action for its damages as of that date. If the telegram could be construed as a repudiation or a notice to proceed no further, I do not think that plaintiff is bound by subdivision 4 of section 145 of the Personal Property Law, because under the testimony there was no material amount of labor or expense necessary at that time to enable it to fulfill its obligations. Defendant viewed with complacence the completion of the contract, and after the goods were boxed promised to take them when conditions improved. It is to be noted that the original request was upon the ground of congested traffic conditions, while the continued failure to accept was based upon the failure of the automobile market. Defendant further contends that under subdivision 3 of section 144 plaintiff may not maintain an action for the purchase price, because property in the goods had not passed and it was not shown that they could readily be resold for a reasonable price. I have examined the cases submitted by defendant and I do not think that they apply to the facts of this action. Even if this was so, however, I think the property in the goods passed to the buyer at the time of the visit of Mr. Pitner to the plaintiff's factory, because goods of the description contracted for in a deliverable state were unconditionally appropriated to the contract by the seller with the assent of the buyer. Such

assent may be expressed or implied. Pers. Prop. Law, § 100, rule 4. I think that the whole course of conduct of the parties indicated that the contract was to be kept alive for their mutual benefit. Defendant at any reasonable time after the visit of Mr. Pitner could have demanded the delivery to it of the specific cases that had been pointed out to him. The original time of performance had been waived by the parties, but the plaintiff gave due notice to the defendant, setting another date for performance, and the latter day was the date of the breach of contract by the defendant. Judgment will accordingly be awarded to the plaintiff for the sum of $3,690.75, with interest and costs.

Judgment accordingly.