# Mattison Machine Works *v.* Nypenn Furniture Co., Appellant.

*Contracts—Rescission—Damages—Completed machine—Act of May 19, 1915, section 64, P. L. 543.*

1. Where an order for a machine contains the stipulation that "this order shall not be countermanded," and the purchaser repudiates the order and claims in a suit against him that the machine was not completed at the date of the repudiation, and that the damages should be fixed by the provisions of the Act of May 19, 1915, section 64, P. L. 543, the court will refuse to apply the act where it appears that the machine was practically completed when the alleged repudiation was made, that the language used in can-

celling the order was no more than a mere request to do so, and that, at all events, under the contract, the purchaser had no right to rescind.

Argued May 3, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SADLER, JJ.

Appeal, No. 133, Jan. T., 1926, by defendant, from judgment of C. P. Warren Co., Sept. T., 1924, No. 49, on directed verdict for plaintiff, in case of Mattison Machine Works v. Nypenn Furniture Co. Affirmed.

Assumpsit for breach of contract. Before ARIRD, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $3,258.19. Defendant appealed.

*Error assigned* was, inter alia, direction for plaintiff, quoting portion of charge.

*C. E. Bordwell,* with him *A. G. Eldred,* for appellant. —A request from one in authority is understood to be a mere euphemism. It is in fact a command in an inoffensive form: State v. Schere, 93 N. W. 169.

Plaintiff failed to prove damages.

*J. H. Alexander,* with him *W. S. Clark,* for appellee, cited: Zuck & Henry v. McClure & Co., 98 Pa. 541, 545; Barber Milling Co. v. Baking Co., 273 Pa. 90, 93; Woldert Grocery Co. v. Wilkinson, 39 Pa. Superior Ct. 100.

OPINION BY MR. JUSTICE SCHAFFER, June 26, 1926:

This was an action brought by plaintiff to recover damages from defendant growing out of the latter's refusal to accept and pay for a machine made on defendant's order in writing. The trial judge gave binding instructions in plaintiff's favor and defendant has appealed.

The contract in the form of an order signed by defendant and accepted by plaintiff is dated October 16, 1923. The price fixed for the machine was $4,870. In the contract is a provision "It is expressly agreed that this order shall not be countermanded." On November 14th, defendant telegraphed plaintiff, "Hold order for moulder until further notice." When this telegram was received the machine had been practically completed. On November 27th, defendant wrote plaintiff referring to the telegram and saying "We therefore request that you cancel our order." Plaintiff refused to acquiesce in the cancellation and, on December 10th, defendant again wrote, saying, "We trust that you will respect our wishes in this matter," in response to which plaintiff answered it would insist upon the carrying out of the contract. To this communication defendant replied on December 31st, "Of course, if you insist upon making shipment of your machine we will be unable to accept it for our own use and will have to put it on the market, but do not believe that we would have any difficulty in selling it through the assistance of Lundquist & Co. and Vonnegut Machinery Co." Shortly after receipt of this letter, plaintiff shipped the finished machine to defendant, which refused to accept it from the railroad company, and plaintiff, after notice to defendant, sold it at public sale at the place of delivery, receiving therefor the sum of $2,000, $2,870 less than the contract price, which, with railroad charges, cartage, storage and insurance, made up its claim.

The position of defendant is that it repudiated the contract by the telegram of November 14th and letter of November 27th and that, as the machine was not completed at the time of these notifications, plaintiff could not recover without proof of the expense, labor and material put into the machine after the receipt of notice, in view of the terms of the Sales Act of May 19, 1915, P. L. 543, paragraph 64, which provides: "If, while labor or expense of material amount are necessary on the part

of the seller to enable him to fulfill his obligations under the contract to sell or the sale, the buyer repudiates the contract or the sale or notifies the seller to proceed no further therewith, the buyer shall be liable to the seller for no greater damages than the seller would have suffered if he did nothing towards carrying out the contract or the sale after receiving notice of the buyer's repudiation or countermand. The profit the seller would have made if the contract or the sale had been fully performed shall be allowed for in estimating such damages." However the rule may be as to the assessment of damages under this provision of the law where it is applicable, it has no bearing on this case, for three reasons, first, because, under the testimony, even at the time of the receipt of the telegram, the machine was "practically completed" and defendant has not contradicted this by showing that a material amount of labor or expense was still necessary (that the provision of the Sales Act is inapplicable under such circumstances, see Soss Mfg. Co. v. Mitchell Motors Co., 119 Misc. Rep. 290, 196 N. Y. S. 304); second, since it was expressly agreed in the contract that the order for the machine could not be countermanded, telegrams, letters and other matters outside the contract could not be relied on to establish a repudiation (Hauer v. Martin, 284 Pa. 407) and, third, for the reason that the language used in the correspondence, beginning with the telegram of November 14th and ending with the letter of December 31st, is such as to amount to no more than a request to cancel the order; the first actual repudiation of the contract by defendant occurred when it refused to accept the completed machine from the railroad company.

In principle, the case is ruled by Barber Milling Co. v. Leichthammer Baking Co., 273 Pa. 90. The damages were properly fixed by plaintiff in disposing of the machine in the way it did and the court was fully justified under the circumstances in directing a verdict in appellee's favor.

The judgment is affirmed.